IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

| | | |
|---|---|---|
| KAREN BROOKS, | § | **APR 1 7** 2000 |
| | § | |
| Plaintiff, | § | Michael N. Milby |
| | § | Clerk of Court |
| v. | § | CIVIL ACTION NO. B-00-029 |
| | § | |
| UNUMPROVIDENT CORPORATION | § | JURY DEMANDED |
| and UNUM LIFE INSURANCE | § | |
| COMPANY OF AMERICA, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' AMENDED ANSWER

Defendants UNUMProvident Corporation ("UNUMProvident") and UNUM Life
Insurance Company of America ("UNUM Life") (collectively, "Defendants"), subject to and
without waiving Defendants' Amended Motion to Dismiss Certain Claims and Brief in
Support, submit this amended answer to Plaintiff's Original Complaint (the "Complaint") and
state:

## ANSWER

1.      With respect to the allegations in paragraph 1, state that the Complaint speaks
for itself as to the nature of the lawsuit; and deny the remaining allegations.

2.      Admit, on information and belief, the allegations in paragraph 2.

**DEFENDANTS' AMENDED ANSWER** - **Page 1**

3.      With respect to the allegations in paragraph 3, deny that UNUM Life is a Delaware corporation; and admit, for purposes of this action only, that UNUM Life has been served with process.

4.      With respect to the allegations in paragraph 4, deny that UNUMProvident is a Delaware corporation; and admit, for purposes of this action only, that UNUMProvident has been served with process.

5.      With respect to the allegations in paragraph 5, admit that the Court has jurisdiction under 28 U.S.C. § 1332; and deny the remaining allegations.

6.      Admit, for purposes of this action only, the allegations in paragraph 6.

7.      With respect to the allegations in paragraph 7, admit that UNUM Life's predecessor issued its master policy no. RXN-1022 (the "Policy") to the American Podiatric Medical Association and a Certificate of Insurance (the "Certificate") thereunder to Plaintiff Karen Brooks ("Brooks"); state that the Policy and the Certificate speak for themselves; and state that they lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore deny them.

8.      With respect to the allegations in paragraph 8, state that the Policy and the Certificate speak for themselves.

9.      With respect to the allegations in paragraph 9, state that the Policy and the Certificate speak for themselves.

10.     With respect to the allegations in paragraph 10, state that the Policy and the Certificate speak for themselves.

**DEFENDANTS' AMENDED ANSWER** - Page 2

11.     State that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and therefore deny them.

12.     With respect to the allegations in paragraph 12, state that the Policy and the Certificate speak for themselves.

13.     With respect to the allegations in paragraph 13, state that the Policy and the Certificate speak for themselves.

14.     With respect to the allegations in paragraph 14, state that the Policy and the Certificate speak for themselves.

15.     With respect to the allegations in paragraph 15, state that the Policy and the Certificate speak for themselves.

16.     With respect to the allegations in paragraph 16, state that the Policy and the Certificate speak for themselves.

17.     With respect to the allegations in paragraph 17, admit that UNUM Life's claim file pertaining to Brooks contains records regarding her medical condition; state that these records speak for themselves; and deny the remaining allegations.

18.     With respect to the allegations in paragraph 18, admit that UNUM Life received Brooks' Individual Disability Claim Form and related materials in June 1998; state that these materials speak for themselves; admit that Brooks' Individual Disability Claim Form is dated June 11, 1998; and deny the remaining allegations.

19.    With respect to the allegations in paragraph 19, admit that Nancy Olds, a Disability Benefit Analyst with UNUM Life, sent Brooks a letter dated August 14, 1998 regarding Brooks' claim; state that this letter speaks for itself; admit that UNUM Life began paying benefits to Brooks for the period beginning June 15, 1998; and deny the remaining allegations.

20.    With respect to the allegations in paragraph 20, admit that Brooks' claim was handled by Sheldon White ("White") as of October 30, 1998; and deny the remaining allegations.

21.    With respect to the allegations in paragraph 21, admit that While sent Brooks a letter dated March 29, 1999; state that this letter speaks for itself; and deny the remaining allegations.

22.    Deny the allegations in paragraph 22.

23.    Deny the allegations in paragraph 23.

24.    Deny the allegations in paragraph 24.

25.    Deny the allegations in paragraph 25.

26.    Deny the allegations in paragraph 26.

27.    Deny the allegations in paragraph 27.

28.    Deny the allegations in paragraph 28.

29.    Deny the allegations in paragraph 29.

30.    Deny the allegations in paragraph 30.

31.    Deny the allegations in paragraph 31.

<u>DEFENDANTS' AMENDED ANSWER</u> - Page 4

32. Deny the allegations in paragraph 32.

33. Deny the allegations in paragraph 33.

34. State that the allegations in paragraph 34 call for a conclusion of law to which no answer is required; to the extent an answer is required, said allegations are denied.

35. With respect to the allegations in paragraph 35, incorporate their answers to paragraphs 29-33; and deny the remaining allegations.

36. Deny the allegations in paragraph 36.

37. Deny the allegations in paragraph 37.

38. Deny the allegations in paragraph 38.

39. Deny the allegations in paragraph 39.

40. Deny the allegations in paragraph 40.

41. Deny the allegations in paragraph 41.

42. Deny the allegations in paragraph 42.

43. Deny the allegations in paragraph 43.

44. Deny the allegations in paragraph 44.

45. Deny the allegations in paragraph 45.

46. Deny that Brooks is entitled to any of the damages she has requested.

47. Admit that Brooks has sought a jury trial on her claims in paragraph 47.

48. State that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 and therefore deny them.

49. Deny the allegations in paragraph 49.

**DEFENDANTS' AMENDED ANSWER** - **Page 5**

50.     Deny the allegations in paragraph 50.

51.     Deny that Brooks is entitled to the relief requested in her prayer or in any other portion of the Complaint.

52.     Deny all allegations not specifically admitted.

## AFFIRMATIVE DEFENSES

53.     State that Brooks' claims under RICO fail to state a claim upon which relief can be granted.

54.     State that the Complaint fails to state a claim against UNUMProvident upon which relief can be granted.

55.     State that even if Brooks were entitled to accrued benefits through the date of trial, which entitlement is denied, she is not entitled to future unaccrued benefits, as a matter of law, in any event or contingency.

56.     State that Brooks' claims under the Texas Insurance Code and the DTPA are barred by her failure to give Defendants notice at least sixty (60) days before filing suit of her specific complaint and the amount of actual damages and expenses, including any attorneys' fees reasonably incurred in asserting the claim against Defendants.

57.     State that Brooks' claims are barred, in whole or in part, under Tex. Civ. Prac. & Rem. Code § 33.001, as her percentage of responsibility is greater than fifty percent for any damages she seeks to recover.   Any recovery by Brooks must be reduced by a percentage equal to her percentage of responsibility in accordance with Tex. Civ. Prac. & Rem. Code § 33.012.

58.     State that Brooks' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and unclean hands.

59.     State that Brooks' claims are barred, in whole or in part, by her comparative bad faith.

60.     State that Brooks' claims are barred, in whole or in part, by the doctrine of unjust enrichment.

61.     State that Defendants are entitled to offset Brooks' alleged damages, if any, by virtue of the damages they have sustained as a result of her wrongful acts.

62.     State that Brooks' claims are barred, in whole or in part, by her failure to mitigate her alleged damages, if any.

63.     State that Brooks' claims for exemplary or punitive damages are limited by chapter 41 of the Texas Civil Practice and Remedies Code and Tex. Lab. Code § 416.002.

64.     State that Brooks' claims for extra-contractual and/or punitive damages are barred because such claims violate Defendants' statutory and constitutional rights to seek disposition of reasonably disputed matters before an impartial tribunal without facing an unreasonable penalty therefor.

65.     State that Brooks' claims for exemplary or punitive damages are barred because such claims violate Defendants' rights to procedural and substantiative due process under the Fifth and Fourteenth Amendments to the United States Constitution, as well as the Texas Constitution.

66.     State that Brooks' claims for exemplary or punitive damages are barred because such claims violate Defendants' rights to equal protection under the law under both the United States Constitution and the Texas Constitution.

67.     State that Brooks' claims for exemplary or punitive damages are barred because such claims violate Defendants' rights to protection against excessive fines under the Texas Constitution.

## **PRAYER**

68.     Defendants respectfully request the following relief:

     a.     that Brooks take nothing on her claims;

     b.     that Defendants be dismissed with their costs; and

     c.     that Defendants have all such other and further relief, both general and special, at law and in equity, to which they may show themselves justly entitled.

CIVPDF - www.faxio.com

Respectfully submitted,

By: _Andrew C Whitaker_ by permission

Doug K. Butler
State Bar No. 03516050
S.D. No. 9271
Attorney-In-Charge

OF COUNSEL:
Andrew C. Whitaker
State Bar No. 21274600
S.D. No. 14309
Lisa L. Traylor
State Bar No. 00797967
S.D. No. 21115

FIGARI DAVENPORT & GRAVES, L.L.P.
4800 Bank of America Plaza
901 Main Street,   LB 125
Dallas, Texas 75202
(214) 939-2000
(214) 939-2090 (FAX)

ATTORNEYS FOR DEFENDANTS
UNUMPROVIDENT CORPORATION
and UNUM LIFE INSURANCE
COMPANY OF AMERICA

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been sent by certified mail, return receipt requested, to Mr. Michael R. Cowen, P.C., Cowen & Livesay, 1325 Palm Blvd., Brownsville, Texas 78520, on this 14th day of April, 2000.

_Andrew C Whitaker_

Andrew C. Whitaker

**DEFENDANTS' AMENDED ANSWER** - **Page 9**