*10*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 1 7 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| KAREN BROOKS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-029 |
| | § | |
| UNUMPROVIDENT CORPORATION | § | JURY DEMANDED |
| and UNUM LIFE INSURANCE | § | |
| COMPANY OF AMERICA, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' AMENDED MOTION TO DISMISS
## CERTAIN CLAIMS AND BRIEF IN SUPPORT

Pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6), Defendants UNUMProvident Corporation

("UNUMProvident") and UNUM Life Insurance Company of America ("UNUM Life") file

this amended motion to dismiss the claims asserted by Plaintiff Karen Brooks ("Plaintiff")

under the Racketeer Influenced and Corrupt Organizations Act ("RICO") and state:

## NATURE OF THE ACTION

This is a suit to recover disability insurance benefits. Plaintiff alleges she purchased a

disability insurance policy from UNUM Life [Plaintiff's Original Complaint at ¶ 7] and was

paid disability benefits for a period of time but that after several months UNUM Life

terminated those payments. [Plaintiff's Original Complaint at ¶¶ 17-21]. Plaintiff asserts she

is "one of hundreds – if not thousands – of policyholders that has fallen victim to Defendants'

**DEFENDANTS' AMENDED MOTION TO DISMISS**
**CERTAIN CLAIMS AND BRIEF IN SUPPORT  - Page 1**

common plan and scheme to deny benefits on legitimate claims." [Plaintiff's Original

Complaint at 22].  She has made claims against UNUM Life for repudiation and anticipatory

breach of the policy, violations of Tex. Ins. Code art. 21.21, violations of the Texas Deceptive

Trade Practices – Consumer Protection Act (the "DTPA") and violations of RICO.  Plaintiff

also alleges that UNUMProvident violated RICO.[1]

## GROUNDS FOR DISMISSAL

Plaintiff fails to state a claim under RICO against either UNUMProvident or UNUM

Life upon which relief can be granted. In particular, Plaintiff alleges that Defendants together

comprise the enterprise through which the alleged racketeering activity was conducted which

necessarily means Defendants cannot be "persons" liable under RICO.  Additionally, Plaintiff

fails to allege the RICO violations with particularity as required by Fed. R. Civ. P. 9(b). The

allegation based on information and belief is insufficient, and Plaintiff fails to state who

committed the fraud, when it was committed, where it was committed and what was

misrepresented.

## STANDARD OF REVIEW

The Court may dismiss a claim under Fed. R. Civ. P. 12(b)(6) if it appears that no relief

could be granted under any set of facts that could be proven consistent with the allegations in

---

[1] Plaintiff clearly has not asserted claims against UNUMProvident for repudiation or anticipatory breach of contract. [Plaintiff's Original Complaint at ¶¶ 24-28].  That makes sense since UNUM Provident did not issue the policy which Plaintiff claims UNUM Life breached. Similarly, Plaintiff alleges that only UNUM Life violated Tex. Ins. Code art. 21.21 by misrepresenting the policy. [Plaintiff's Original Complaint at ¶¶ 29-33].  Interestingly, however, Plaintiff alleges that "Defendants" knowingly violated the DTPA and engaged in unconscionable conduct. [Plaintiff's Original Complaint at ¶¶ 34-39].  She did not limit this claim to UNUM Life as she has her other state law claims. It is difficult to tell whether this was simply an error in drafting or intentional.

**DEFENDANTS' AMENDED MOTION TO DISMISS**
**CERTAIN CLAIMS AND BRIEF IN SUPPORT  - Page 2**

the complaint taking all well pleaded facts as true and viewed in the light most favorable to

Plaintiff. *Khurana v. Innovative Health Care Systems, Inc.,* 130 F.3d 143, 147 (5ᵗʰ Cir. 1997);

*Word of Faith World Outreach Center Church v. Sawyer,* 90 F.3d 118, 121 (5ᵗʰ Cir. 1996).

Rule 9(b) requires that "averments of fraud...shall be stated with particularity." Fed. R.

Civ. P. 9(b).  Plaintiff must allege who committed the fraud, when it was done, where it was

done and what was done. *Tel-Phonic Services, Inc. v. TBS Intern., Inc.,* 975 F.2d 1134, 1138

(5ᵗʰ Cir. 1992).

## ARGUMENT

**Plaintiff Has Failed to Plead a Viable RICO Claim.**  Plaintiff claims to bring her

action pursuant to 18 U.S.C. §1964 but does not refer to a particular subsection.  Defendants

venture to guess that Plaintiff relies upon subsection (c) since that is the section under which

private civil suits for damages are brought.  Section 1964(c) provides:

> Any person injured in his business or property by reason of a violation of section
> 1962 of this chapter may sue therefor in any appropriate United States district
> court and shall recover threefold the damages he sustains and the cost of the suit,
> including a reasonable attorney's fee.

29 U.S.C.A. §1964(c) (West 1984).  Plaintiff fails, however, to specify which subsection of

§1962 Defendants allegedly violated.  Since Plaintiff does not allege either the investment of

income from a racketeering activity in an enterprise engaged in or affecting interstate

commerce which might involve §1962(a) or the acquisition or maintenance of an interest in

such enterprise through racketeering activities which might involve §1962(b), subsection (c)

of §1962 appears to be the relevant one. *Rae v. Union Bank,* 725 F. 2d 478, 480 n. 1 (9th Cir. 1984).

RICO claims under §1962(c) necessitate: 1) a person who engages in  2) a pattern of racketeering activity 3) connected to the acquisition, establishment, conduct or control of an enterprise. *Sawyer,* 90 F.3d at 121; *In re Burzysnski,* 989 F.2d 733, 741 (5th Cir. 1993); *Delta Truck & Tractor, Inc. v. J.I. Case Co.,* 855 F.2d 241, 242 (5th Cir. 1988), *cert. denied,* 489 U.S. 1079, 109 S.Ct. 1531 (1989).  Plaintiff fails to allege any facts to satisfy these elements. Indeed, her pleading affirmatively disproves the first.

A RICO person is the defendant. *Burzynski,* 989 F.2d at 742. The unlawful enterprise itself cannot also be the person Plaintiff charges with conducting it. *Doyle v. Hasbro, Inc.,* 103 F.3d 186, 190 (1st Cir. 1996). The "person" who engages in the pattern of racketeering activity must be an entity distinct from the enterprise. *Bishop v. Corbitt Marine Ways, Inc.,* 802 F.2d 122, 123 (5th Cir. 1986).  The claim must therefore specifically allege facts to demonstrate that the defendant and the RICO enterprise are separate entities. *Rae,* 725 F.2d at 481;  *Andrade v. Chojnacki,* 65 F. Supp. 2d 431,  450 (W.D. Tex. 1999); *see also Ashe v. Corley,* 992 F.2d 540, 544 (5th Cir.  1993);  *Manax v. McNamara,* 842 F.2d 808, 811 (5th Cir.  1988).

Nor is it sufficient to state that the Defendants' employees are the "persons" who carried out its activities.  While it is theoretically possible for a corporation to play a separate active role in RICO violations committed by its employees and agents, when the alleged association-in-fact entity is in reality no different from the association of individuals or entities that

**DEFENDANTS' AMENDED MOTION TO DISMISS**
**CERTAIN CLAIMS AND BRIEF IN SUPPORT  - Page 4**

constitute a defendant "person" and carry out its activities, the distinctiveness requirement is not met in regard to that defendant. *Khurana v. Innovative Health Care Systems, Inc.,* 130 F.3d 143, 155 (5th Cir. 1997). *See also Parker & Pasley Petroleum v. Dresser Industries,* 972 F.2d 580, 583 (5th Cir. 1992)(enterprise functioning through its employees in the scope of their employment has no existence as an entity separate and apart from the actual pattern of racketeering). Hence, Plaintiff cannot simply ask this Court to assume that the Defendants' employees committed the racketeering acts through the Defendants. Even if it could, the individual employees would be the RICO "persons" – not the Defendants.

Plaintiff has not alleged a "person" separate from the enterprise who allegedly engaged in the racketeering activity. To the contrary, Plaintiff specifically claims that "Defendants, individually and collectively, constitute and [sic] "enterprise" as defined by 18 U.S.C. §1961(4)." [Plaintiff's Original Complaint at ¶ 41]. Moreover, Plaintiff alleges that "Defendants, as an enterprise, have engaged in a pattern of racketeering activity as defined by 18 U.S.C. §1961." [Plaintiff's Original Complaint at ¶ 42]. Since the Defendants are the enterprise, according to Plaintiff, they cannot also be the RICO person who committed the pattern of racketeering activity. Plaintiff has wholly failed to allege a "person" separate and distinct from the enterprise, and the claim should therefor be dismissed.

Plaintiff also fails to allege sufficient facts to demonstrate a pattern of racketeering activity. A pattern of racketeering activity has two components: 1) predicate acts - the requisite racketeering activity, and 2) a pattern of such acts. *Burzynski,* 989 F.2d at 742. Racketeering

DEFENDANTS' AMENDED MOTION TO DISMISS
CERTAIN CLAIMS AND BRIEF IN SUPPORT  - Page 5

activity consists of two or more predicate offenses, defined by the statute to include acts violating federal wire or mail fraud statutes. *Sawyer,* 90 F.3d at 122. But to establish the elements of mail or wire fraud as the predicate acts upon which Plaintiff seemingly relies, she must plead: 1) a scheme to defraud by means of false or fraudulent representations, 2) interstate or intrastate use of the mails to execute the scheme, 3) the use of the mails by the defendant to execute the scheme, and 4) actual injury to the plaintiff. *Burzynski,* 989 F.2d at 742.

Plaintiff alleges in her RICO claim only that Defendants "have engaged in a pattern of mail fraud...and wire fraud...in that they have used the mails and wire in furtherance of a scheme to defraud Plaintiff and others similarly situated out of disability insurance benefits." [Plaintiff's Original Complaint at ¶ 43]. She generally alleges that:

> ...upon information and belief, UNUMProvident has a corporate policy of wrongfully denying and discontinuing disability claims in order to boost its bottom line. This corporate policy was first adopted by Provident Life and Accident Insurance Company, and was adopted to Defendant UNUM around the time that UNUM and Provident began to merge to become UNUMProvident..

[Plaintiff's Original Complaint at ¶1]. She later alleges that "Plaintiff is one of hundreds – if not thousands – of policyholders that has fallen victim to Defendants' common plan and scheme to deny benefits on legitimate claims." [Plaintiff's Original Complaint at ¶ 22]. The remainder of her complaint addresses her claims that UNUM Life misrepresented her policy to her and wrongfully denied her claim. Plaintiff has alleged not a single fact in support of her claim that UNUMProvident and UNUM Life have executed some grand scheme to wrongfully deny claims for benefits. Plaintiff's claims under RICO should be dismissed with prejudice.

**DEFENDANTS' AMENDED MOTION TO DISMISS**
**CERTAIN CLAIMS AND BRIEF IN SUPPORT - Page 6**

**<u>Plaintiff Has Failed to Plead Fraud With Particularity.</u>**   Rule 9(b) requires particularity in pleading the circumstances constituting fraud. *Tel-Phonic Services, Inc. v. TBS Intern., Inc.*, 975 F.2d 1134, 1138 (5th Cir. 1992).  This applies to the pleading of fraud as a predicate act in a RICO claim.  *Id. at 1138.*    The rule serves three main purposes: (1) protecting a defendant's reputation from harm; (2) minimizing "strike suits" and "fishing expeditions"; and (3) providing notice of the claim to the adverse party.  *Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 777 (7th Cir. 1994).  Rule 9(b) ensures that a plaintiff have some basis for her accusations of fraud before making those accusations and thus discourages people from including such accusations in complaints simply to gain leverage for settlement or for other ulterior purposes. *Uni\*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 924 (7th Cir. 1992).  This rule requires the plaintiff to state the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff.  *Vicom,* 20 F.3d at 777; *Uni\*Quality,* 974 F.2d at 923-24; *Tel-Phonic Services,* 975 F.2d at 1139.

Plaintiff's key "factual" allegation is that UNUMProvident has a corporate policy of wrongfully denying and discontinuing disability claims in order to boost its bottom line. [Plaintiff's Original Complaint at ¶ 1]. Knowing they have no proof of this bald, conclusory claim, Plaintiff and her attorney hide behind the caveat that this is based on "information and belief."   But allegations of fraud generally may not be made on information and belief. *DiVittorio v. Equidyne Extractive Industries, Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987); *Colony*

**DEFENDANTS' AMENDED MOTION TO DISMISS**
**<u>CERTAIN CLAIMS AND BRIEF IN SUPPORT</u>  - Page 7**

*at Holbrook,* 928 F. Supp. at 1231. Even when allowed to plead on information and belief, the plaintiff must state the facts upon which the belief is based. *DiVittorio,* 822 F.2d at 1247; *Colony at Holbrook,* 928 F.Supp. at 1232. But Plaintiff does not state the facts upon which this "information and belief" is based. Consequently, the claim should be dismissed.. With respect to the predicate acts, Plaintiff simply alleges that "Defendants have engaged in a pattern of mail fraud...and wire fraud...." [Plaintiff's Original Complaint at ¶ 43]. However, conclusory allegations of mail and wire fraud are deficient under Rule 9(b). *E.g., Cook v. Zions First Nat'l Bank,* 645 F. Supp. 423, 425 (D. Utah 1986); *Ichiyasu v. Christie, Manson & Woods Intern., Inc.,* 637 F. Supp. 187, 189 (N.D. Ill. 1986). Plaintiff has failed entirely to name the people who supposedly made misrepresentations to her, when they were made, where they were made, what was said, and how the information was communicated. This pleading simply does not satisfy Rule 9(b). Plaintiff's claims under RICO should be dismissed.

**Plaintiff Should Be Required to File a RICO Case Statement.** This Court can order Plaintiff to file a RICO case statement detailing the basis for her claims under RICO. *Marriott Bros. v. Gage,* 911 F.2d 1105, 1107 (5th Cir. 1990); *Elliot v. Foufas,* 867 F.2d 877, 880 (5th Cir. 1989); *Old Time Enterprises v. International Coffee Corp.,* 862 F.2d 1213, 1217 (5th Cir. 1989). If Plaintiff persists in her claims under RICO, Defendants respectfully request that the Court order her to file a RICO case statement similar to that appended to the Fifth Circuit's opinion in *Marriot Bros.,* 911 F.2d at 1109-11. Defendants are entitled to know the particular basis of Plaintiff's claims under RICO before Plaintiff is allowed to start fishing for evidence.

A statement now by Plaintiff particularizing her allegations will enable the Court to ascertain whether Plaintiff has even a good faith basis for her claim such that she can seek discovery on those allegations.

## CONCLUSION

Defendants respectfully request that the Court dismiss Plaintiff's RICO claims with prejudice.

Respectfully submitted,

By: _Andrew C Whitaker_ by permission of

Doug K. Butler
State Bar No. 03516050
S.D. No. 9271
Attorney-In-Charge

OF COUNSEL:
Andrew C. Whitaker
State Bar No. 21273600
S.D. No. 14309
Lisa L. Traylor
State Bar No. 00797967
S.D. No. 21115

FIGARI DAVENPORT & GRAVES, L.L.P.
4800 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas 75202
(214) 939-2000
(214) 939-2090 (FAX)

ATTORNEYS FOR DEFENDANTS
UNUMPROVIDENT CORPORATION
and UNUM LIFE INSURANCE
COMPANY OF AMERICA

**DEFENDANTS' AMENDED MOTION TO DISMISS
CERTAIN CLAIMS AND BRIEF IN SUPPORT** - Page 9

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been sent by certified mail, return receipt requested, to Mr. Michael R. Cowen, P.C., Cowen & Livesay, 1325 Palm Blvd., Brownsville, Texas 78520, on this 14th day of April, 2000.

_Andrew C Whitaker_

Andrew C. Whitaker

**DEFENDANTS' AMENDED MOTION TO DISMISS
CERTAIN CLAIMS AND BRIEF IN SUPPORT - Page 10**

CVisPDF - www.fasisi.com