1c

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 13 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| KAREN BROOKS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-029 |
| | § | |
| UNUMPROVIDENT CORPORATION | § | JURY DEMANDED |
| and UNUM LIFE INSURANCE | § | |
| COMPANY OF AMERICA, | § | |
| | § | |
| Defendants. | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER
RULE 26(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Plaintiff Karen Brooks ("Brooks") and Defendants UnumProvident Corporation ("UnumProvident") and UNUM Life Insurance Company of America ("UNUM Life") (collectively, "Defendants") file this joint discovery/case management plan and state:

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

    Michael R. Cowen, counsel for Brooks, and Doug K. Butler and Andrew C. Whitaker, counsel for Defendants, met by telephone on June 12, 2000.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

    There are no cases related to this one pending in any state or federal court.

JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER
RULE 26(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE - Page 1

3.  **Specify the allegation of federal jurisdiction.**

    The Court has jurisdiction over this action under 28 U.S.C. § 1332, as Brooks and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Brooks also alleges that this Court has jurisdiction under 28 U.S.C. § 1331 because she has pled a federal claim under the Racketeer Influenced Corrupt Organizations Act, 18 U.S.C. §§ 1961, *et seq.* ("RICO" hereafter).

4.  **Name the parties who disagree and the reasons.**

    The parties do not dispute the Court's diversity jurisdiction. Defendants do not believe that federal-question jurisdiction exists.

5.  **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

    Brooks may add certain officers and/or employees of Defendants as additional defendants in her RICO claims. Brooks does not yet know the identity of these persons, but she expects to discover their identity in discovery. Brooks believes that she can add such additional parties as soon as she has an opportunity to conduct meaningful discovery in this case.

    Defendants do not foresee the inclusion of any additional parties and oppose Brooks' efforts to join any of their employees as parties.

6.  **List anticipated interventions.**

    The parties do not anticipate any interventions in this action.

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER
<u>RULE 26(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE</u> - Page 2**

7.  **Describe class-action issues.**

    There are no class-action issues in this action.

8.  **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

    The parties have agreed to exchange their initial disclosures by June 30, 2000.

9.  **Describe the proposed agreed discovery plan, including:**

    A.  **Responses to all the matters raised in Rule 26(f).**

    1.  The parties do not believe that any changes are needed to the timing, form, or requirement for disclosures. As set forth above, the parties have agreed to exchange their initial disclosures by June 30, 2000.

    2.  The parties believe they will need discovery on the following subjects: UNUM Life's decision to not pay benefits, Brooks' past and present occupational duties and employment status, her earnings, her alleged disability, her medical condition, and her communications with her medical providers and financial advisers.

        Brooks also believes that she needs discovery relating to Defendants' policies with respect to the handling of disability claims, any bonuses or incentives paid to Defendants' officers and employees with respect to the handling of disability claims or the performance of Defendants' disability insurance line, how Defendants have treated other claims, and the

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER
RULE 26(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE** - Page 3

training that Defendants' employees received with respect to the handling of disability claims. Defendants do not believe that any of these issues are relevant to this action and may seek a protective order or other relief as necessary.

3. Except as set forth above, the parties do not believe any limitations on discovery are needed.

4. Except as set forth above, the parties are not aware of any other orders that should be entered by the Court under subdivision (c) or under Rule 16(b) and (c).

**B.   When and to whom the plaintiff anticipates it may send interrogatories.**

Brooks anticipates sending interrogatories to Defendants by June 30, 2000.

**C.   When and to whom the defendant anticipates it may send interrogatories.**

Defendants anticipate sending interrogatories to Brooks by June 30, 2000.

**D.   Of whom and by when the plaintiff anticipates taking oral depositions.**

Brooks intends to complete depositions before March 30, 2001. Brooks anticipates taking the oral depositions of several categories of persons.

i. The persons employed by Defendants who worked on her claim. These persons include, but may not be limited to:

    a.   Nancy Olds
    b.   Sheldon White
    c.   Richard G. Day, M.D.
    d.   Jon Colson
    e.   Nancy Minor

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER
RULE 26(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE** - Page 4

ii. Persons with Selman & Company who handled Brooks' application for disability benefits or who otherwise possess relevant knowledge. These persons include, but may not be limited to:

    a. Cheryl Krauscher
    b. Evelyn Burrage

iii. Physicians and other medical personnel who treated Brooks for the injury that caused her disability. These persons include, but may not be limited to:

    a. Dr. Sam J. Allen
    b. Dr. John Wells
    c. Dr. Madhavan Pisharodi

iv. Persons employed by or affiliated with Health Resources and Technology, Inc. who reviewed Brooks' file or who have knowledge of the relationship between Defendants and Health Resources and Technology, Inc.

v. If Defendants attempt to raise ERISA preemption as a defense, Brooks may wish to depose persons employed by or affiliated with the American Podiatric Medicine Association to determine the nature of the disability plan purchased by Brooks. These persons include, but may not be limited to:

    a. Beth Schaub

vi. Brooks may wish to depose other claimants whose disability claims have been denied by Defendants.

vii. Persons employed by or affiliated with Defendants who have knowledge of the operation of Defendants' disability insurance line, including what bonuses and financial incentives were provided in relation to the performance of the disability line and the nature and extent of any goals or programs related to the performance of the disability insurance line.

viii. All experts designated by Defendants.

ix. Any witnesses designated by Defendants as a person with knowledge of relevant facts.

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER**
**RULE 26(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE - Page 5**

**E.     Of whom and by when the defendant anticipates taking oral depositions.**

Defendants presently anticipate deposing Brooks (regarding her past and present occupational duties and employment status, her earnings, her alleged disability, her medical condition, her communications with her medical providers and financial advisors, and her claims in this action), her experts (regarding their opinions, the bases of their opinions, and their qualifications), some or all of her medical providers, including, but not limited to, Sam Allen, D.C., John Wells, M.D., and Steven Hochschuler, M.D. (regarding her medical condition and their opinions), and some of her past and present business associates, including, but not limited to, Jon Middleton, D.P.M. and employees of Brownsville Medical Center (regarding her past and present occupational duties and work activities).

**F.     When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.**

Brooks intends to designate her experts, if any, and provide reports from such experts by November 24, 2000. Defendants intend to designate their experts, if any, and provide reports from such experts by December 22, 2000.

**G.     List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).**

Brooks anticipates deposing some or all of Defendants' experts by March 30, 2001.

      **H.**　**List expert depositions the opposing party anticipates taking and their anticipated completion date.** <u>See</u> **Rule 26(a)(2)(B) (expert report).**

      Defendants anticipate deposing some or all of Brooks' experts by March 30, 2001.

**10.**　**If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

      The parties have agreed on each aspect of this discovery plan.

**11.**　**Specify the discovery beyond initial disclosures that has been undertaken to date.**

      No discovery has been undertaken to date.

**12.**　**State the date the planned discovery can reasonably be completed.**

      The parties believe that they can complete discovery by March 30, 2001.

**13.**　**Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

      The possibilities for a prompt settlement or resolution of this case do not appear good. Instead, the parties would prefer to conduct some preliminary discovery and enter into informal settlement negotiations. In the event those informal negotiations are unsuccessful, the parties will consider mediation.

**14.**　**Describe what each party has done or agreed to do to bring about a prompt resolution.**

      The parties would prefer to conduct some preliminary discovery and then enter into informal settlement negotiations. In the event those informal settlement negotiations are unsuccessful, the parties will consider mediation.

**15.    From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

At this juncture, it does not appear that alternative dispute resolution would be beneficial. The parties will attempt to resolve the dispute on their own. However, if it appears after some preliminary discovery that alternative dispute resolution is viable, the parties agree that mediation is the best technique.

**16.    Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The parties will not jointly agree to trial before a magistrate judge.

**17.    State whether a jury demand has been made and if it was made on time.**

Brooks timely demanded a jury in Plaintiff's Original Complaint.

**18.    Specify the number of hours it will take to present the evidence in this case.**

The parties estimate it will take approximately 24 trial hours to present the evidence in this case.

**19.    List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

Defendants' Amended Motion to Dismiss Certain Claims is pending and could be ruled on at the initial pretrial and scheduling conference.

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER
RULE 26(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE - Page 8**

20. **List other motions pending.**

Brooks has recently filed a Motion for Leave to File Amended Complaint, which Defendants oppose and will respond to by the applicable deadline.

21. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

The parties do not believe that there are any other matters peculiar to this case that deserve the special attention of the Court.

22. **List the names, bar numbers, address and telephone numbers of all counsel.**

Counsel for Brooks:
Michael R. Cowen
State Bar No. 00795307
S.D. No. 19967
Zavaletta & Cowen
603 E. St. Charles Street
Brownsville, Texas 78520
(956) 546-5567
(956) 541-2205 (telecopy)

Counsel for Defendants:
Doug K. Butler
State Bar No. 03516050
S.D. No. 9271
Andrew C. Whitaker
State Bar No. 21273600
S.D. No. 14309
Lisa L. Traylor
State Bar No. 00797967
S.D. No. 21115
FIGARI DAVENPORT & GRAVES, L.L.P.
4800 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas 75202-3796
(214) 939-2000
(214) 939-2090 (telecopy)

JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER
**RULE 26(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE** - Page 9

Respectfully submitted,

ZAVALETTA & COWEN

By: _____/s/_____
Michael R. Cowen
State Bar No. 00795307
S.D. No. 19967

603 E. St. Charles
Brownsville, Texas 78520
(956) 546-5567
(956) 541-2205 (telecopy)

ATTORNEYS FOR PLAINTIFF
KAREN BROOKS


FIGARI DAVENPORT & GRAVES, L.L.P.

By: _____/s/ Andrew C Whitaker_____
Doug K. Butler
State Bar No. 03516050
S.D. No. 9271
Attorney-In-Charge

OF COUNSEL:
Andrew C. Whitaker
State Bar No. 21273600
S.D. No. 14309
Lisa L. Traylor
State Bar No. 00797967
S.D. No. 21115

4800 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas 75202
(214) 939-2000
(214) 939-2090 (telecopy)

ATTORNEYS FOR DEFENDANTS
UNUMPROVIDENT CORPORATION
and UNUM LIFE INSURANCE
COMPANY OF AMERICA

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER
<u>RULE 26(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE</u> - Page 10**