14

United States District Court
Southern District of Texas
FILED

JUN 1 5 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| KAREN BROOKS | * | |
| | * | CIVIL ACTION NO. B-00-29 |
| V. | * | |
| | * | |
| UNUMPROVIDENT CORPORATION | * | |
| and UNUM LIFE INSURANCE | * | JURY DEMANDED |
| COMPANY OF AMERICA | * | |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW KAREN BROOKS, Plaintiff, and files this his Plaintiff's Motion for Leave to File Amended Complaint. In support of this motion, Plaintiff would show unto the Honorable Court as follows:

Plaintiff wishes to file an amended complaint, entitled Plaintiff's First Amended Complaint. A copy of Plaintiff's First Amended Complaint is attached hereto as exhibit A. Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiff seeks leave to file his amended complaint.

Rule 15(a) states that "leave [to amend] shall be freely given when justice so requires." Justice requires that Plaintiff be permitted to amend his complaint in this case because Defendants have filed a motion to dismiss on the ground that Plaintiff's Original Complaint did not adequately set out the facts underlying Plaintiff's claims under the Racketeering Influenced Corrupt Organizations Act. Although Plaintiff does not admit that her Plaintiff's Original

Complaint is insufficient, in the interest of justice and giving the Defendants better notice of her

claims, Plaintiff requests that the Court allow her to amend her complaint.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that his Plaintiff's Motion

for Leave to Amend Complaint be GRANTED.

RESPECTFULLY SUBMITTED,

Michael R. Cowen
S.D. ID No. 19967
Texas Bar No. 00795307

ZAVALETTA & COWEN
603 E. St. Charles St.
Brownsville, Texas 78520
(956) 546-5567
(956) 541-4981 (FAX)

ATTORNEY FOR PLAINTIFF,
KAREN BROOKS

## CERTIFICATE OF CONFERENCE

I, Michael R. Cowen, hereby certify that I conferred with Andrew Whitaker, Defendants'
counsel, prior to filing this motion, and that he is opposed to this motion.

Michael R. Cowen

CutePDF - www.fatcilo.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was served upon Defendants' counsel, to wit:

Doug K. Butler
FIGARI, DAVENPORT & GRAVES, L.L.P.
4800 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas 75202

by certified mail, return receipt requested, on this _____15th_____ day of June, 2000.

Michael R. Cowen

# EXHIBIT A

CVisPDF – www.fasdra.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| KAREN BROOKS | * | |
| | * | CIVIL ACTION NO. B-00-29 |
| V. | * | |
| | * | |
| UNUMPROVIDENT CORPORATION | * | |
| and UNUM LIFE INSURANCE | * | JURY DEMANDED |
| COMPANY OF AMERICA | * | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

### NATURE OF THE CASE

1.     Karen Brooks, D.P.M. ("Dr. Brooks") files this lawsuit because Defendant UNUM Life Insurance Company of America ("UNUM") wrongfully discontinued her disability insurance benefits.  Dr. Brooks has also sued UNUM's parent company, UnumProvident Corporation ("UnumProvident"), because, upon information and belief, UnumProvident, like Defendant UNUM, has a corporate policy of wrongfully denying and discontinuing disability claims in order to boost its bottom line.

### PARTIES

2.     Plaintiff Karen Brooks is an individual residing in Brownsville, Cameron County, Texas.

3.     Defendant UNUM Life Insurance Company of America is, upon information and belief, a Delaware corporation doing business in the Southern District of Texas. It can be served through its registered agent, CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

4.     Defendant UnumProvident Corporation is a Delaware corporation.  It can be served through its registered agent, CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

## JURISDICTION AND VENUE

5.      This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) and federal question jurisdiction pursuant to 28 U.S.C. § 1331.

6.      Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b) because Defendants, both of which are corporations, are subject to personal jurisdiction in the Southern District of Texas, and because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in the Southern District of Texas.

## FACTUAL BACKGROUND

7.      Plaintiff purchased a disability insurance policy, Policy Number LAARXN1022, (the "Policy") from Defendant UNUM. In purchasing the Policy, Plaintiff relied on the representations and materials distributed by UNUM, which UNUM distributed for use in the sale of its policies.

8.      UNUM represented that, under the Policy sold, Plaintiff would receive disability income benefits for the period of her total disability in the event she became totally disabled.

9.      "Total disability" was defined in the Policy as follows:  "(1) the inability to perform the substantial and material duties of the occupation due to an Injury or Sickness; and (2) You receive regular medical care from a duly licensed physician other than the Insured."

10.     The Policy defined "occupation" as "the occupation described in the application and the occupation in which the Insured is regularly engaged at the time the Insured became disabled.  If the occupation is limited to a recognized specialty within the scope of the degree of license, We will deem the specialty to be the occupation."

11.     Dr. Brooks "occupation" was Podiatric Surgery.

12.     The Policy provided that UNUM would pay Plaintiff $6,000.00 per month as a

basic  monthly benefit for total disability plus a cost of living adjustment ("COLA").

13.     The Policy also provides for a waiver of premium in the event that Plaintiff became totally disabled.

14.     The Policy also provided benefits for a "Residual Disability."

15.     The Policy defined "Residual Disability" as:

inability due to Injury or Sickness to perform:

1.     one or more of the substantial and material duties of Your occupation; or

2.     the substantial and material duties of Your occupation for as much time as is normally required to perform them.

You must be receiving regular medical care from a duly licensed physician other than Yourself, and Total Disability benefits must not be payable under this Policy.  Residual Disability will not be deemed to exist if the Percent Loss is less than [20]%.

16.     The Policy determined the Residual Disability Benefit by the following formula:  "Percent  Loss x Monthly Benefit."

17.     Plaintiff sustained an injury—a herniated disc in the lumbar spine—on or about May 16, 1998.  Since that date, she has been totally disabled, as defined by the Policy.

18.     Plaintiff wrote a letter expressing her intent to make a claim on the Policy on or about June 8, 1998.  Plaintiffs submitted an Individual Disability Claim Form to Defendant UNUM on or about June 11, 1998.

19.     In a letter dated August 7, 1998, Nancy Olds, a UNUM Disability Benefits Analyst, stated that "upon our review of Dr. Wells [sic] records, it is clear that you were either totally or residually disabled as of May 16, 1998."  On that date, Defendant UNUM began paying Plaintiff total disability payments starting from June 15, 1998.

20.    On or about November 2, 1998, UNUM assigned a new person—Sheldon White—to    handle Plaintiff's claim.  Soon thereafter, UNUM's treatment of Plaintiff began to change.  Rather than seeking to honor the obligations imposed by the Policy, it appears that  Defendant UNUM began to look for a way to get out of paying the disability benefits to which Plaintiff was entitled.

21.    On March 29, 1999, Defendant UNUM found a pretextual reason to terminate Plaintiff's disability benefits.  Defendant falsely implied that Plaintiff had committed fraud, and asked that Plaintiff repay the benefits already paid under the policy.  (A copy of the March 29, 1999 letter is attached as Exhibit E).

22.    Plaintiff is one of hundreds—if not thousands—of policyholders that has fallen victim to Defendants' common plan and scheme to deny benefits on legitimate claims.

23.    Upon information and belief, in the early 1990s Defendant UNUM was losing millions, if not tens of millions, of dollars in its disability line.

24.    Upon information and belief, Defendant UNUM instituted a program to turn its loss into a profit.  This program included giving bonuses and other incentives to employees for increasing profitabilty in the disability line.  Such profit increases came from claim denials.

25.    Upon information and belief, claim denials increased dramatically when Defendant UNUM's program was instituted.

26.    Upon information and belief, Defendant UNUM increased its profits through a program of the systematic unwarranted denial of claims.

27.    Upon information and belief, Defendant UNUM used its profits from its fraudulent scheme to form UnumProvident and to acquire Provident Life and Accident Company.  These profits should have been used to pay policyholder claims, including Plaintiff's claim.

28.    Defendants have failed to pay Plaintiff's claims under the Policy and in fact

have rejected the contract in positive and unconditional terms.

## FIRST CAUSE OF ACTION

## REPUDIATION AND ANTICIPATORY BREACH OF CONTRACT

29.    Plaintiff has fully performed her obligation under the contract of insurance that she purchased from UNUM.

30.    All conditions precedent to Plaintiff's recovery have occurred or been performed.

31.    Based on the foregoing, Defendant UNUM has repudiated and anticipatorily breached its contract with Plaintiff by, *inter alia*:

   a.    failing to pay the benefits promised pursuant to the terms of the contract of insurance;

   b.    using a pretextual reason to cut off Plaintiff's benefits; and

   c.    not paying, or even considering, residual disability benefits.

32.    Moreover, Defendant UNUM's words and actions with regard to Plaintiff's claim for disability establishes that Defendant UNUM is not going to perform its contract in the future.

33.    Accordingly, Plaintiff seeks damages for breach of contract by repudiation to include the total of all accrued benefits and enhancements of benefits, plus interest on such amounts; the present value of unaccrued benefits and enhancements that Plaintiff would have received if the contract had been performed; the present value of all future premium payments that would have been waived under the contract pursuant to the waiver of premium provision had the contract been performed; as well as the incidental and consequential damages (including attorneys' fees and costs of court) that were proximately caused by Defendant UNUM's repudiation and anticipatory breach of insurance contract.

## SECOND CAUSE OF ACTION

## TEXAS INSURANCE CODE ARTICLE 21.21

34.     Defendant UNUM has made misrepresentations, has failed to disclose material facts, and has engaged in unfair and deceptive acts and practices prohibited by article 21.21 of the Texas Insurance Code and/or rules and Regulations promulgated by the Texas Department of Insurance pursuant to article 21.21.

35.     More specifically, Defendant UNUM has:

a.     made misrepresentations and circulated false and/or misleading information by stating in writing that Plaintiff was not totally and/or residually disabled;

b.     given Plaintiff false information by disseminating written information used to sell the policies in question which contain false, deceptive and/or misleading statements in violation of Section 4(2) of article 21.21;

c.     represented that the Policy conferred or involved rights and/or remedies that it did not have in violation of Tex. Bus. & Comm. Code § 17.46;

d.     made misrepresentations to Plaintiff relating to a material fact in violation of article 21.21, section 4(10)(I).

36.     The failures, misrepresentations, and failures to disclose as set forth above are actionable pursuant to Section 16 of article 21.21 of the Texas Insurance Code and such conduct by Defendant UNUM has been the producing cause of actual and/or special damages to Plaintiff.

37.     Defendant UNUM has engaged in such conduct intentionally and knowingly.

38.     Plaintiff seeks actual and/or special damages, additional damages, and attorneys' fees pursuant to Section 16 of article 21.21 of the Texas Insurance Code.

## THIRD CAUSE OF ACTION

## TEXAS DECEPTIVE TRADE PRACTICES ACT

39.     Plaintiff is a consumer as that term is defined by Tex. Bus. & Comm. Code

§ 17.45.

40.     Pursuant to Tex. Bus. & Comm. Code § 17.50(4), Plaintiff incorporates all of the allegations contained in Paragraphs 34-38 above and alleges that such failures, misrepresentations and/or failures to disclose violate Tex. Bus. & Comm. Code § 17.50(4) and constitute a producing cause of actual and/or special damages to Plaintiff.

41.     Further, Plaintiff alleges that Defendants engaged in such conduct knowingly and intentionally.

42.     Accordingly, pursuant to Tex. Bus. & Comm. Code § 17.50(b)(1) & (b)(4), Plaintiff seeks actual damages, additional damages, and attorneys' fees as provided by the Texas Deceptive Trade Practices Act.

43.     Further, Plaintiff alleges that Defendants have, based on all of the foregoing, engaged in an unconscionable action or course of action as that term is defined by Tex. Bus. & Comm. Code § 17.45(5) in that the acts and/or omissions of Defendants alleged above have, to Plaintiff's detriment, taken advantage of her lack of knowledge, ability, experience, or capacity to a grossly unfair degree.

44.     Such unconscionable action and/or course of action was knowingly and/or intentionally engaged in by Defendants and has been a producing cause of actual damages to Plaintiff.  Accordingly, pursuant to Tex. Bus. & Comm. Code § 17.50(b)(1), Plaintiff seeks actual damages, additional damages, and attorneys' fees.

### FOURTH CAUSE OF ACTION

### CIVIL R.I.C.O.

45.     Pursuant to 18 U.S.C. § 1964, Plaintiff brings an action against Defendants under the Racketeer Influenced and Corrupt Organizations Act ("RICO").

46.     Defendants, along with Provident Life and Accident Insurance Company, certain unknown individuals not employed by Defendants who conduct so-called "independent" medical exams and medical reviews, and certain unknown officers

CutePDF - www.foxitco.com

and/or employees of Defendants, constitute an association-in-fact.  This association-in-fact is an "enterprise" as defined by 18 U.S.C . § 1961(4).

47.     Defendants have engaged in a pattern of racketeering activity as defined by 18 U.S.C. § 1961.

48.     Specifically, Defendants have engaged in a pattern of mail fraud in violation of 18 U.S.C. § 1341 and wire fraud in violation of 18 U.S.C. § 1343 in that they have used the mails and wires in furtherance of a scheme to defraud Plaintiff and others similarly situated out of disability insurance benefits.

49.     At one time, Defendant UNUM was losing millions of dollars in its disability line.  Defendant UNUM then instituted a fraudulent scheme to turn this loss into a return on investment.  The scheme included paying incentives and bonuses to employees for increasing the profitability of the disability line, which could only be increased by denying more claims.  Unjustified claims denials dramatically increased.  Policyholders were never informed of this change in corporate attitude. This scheme made the statements contained in policies, brochures and other documents regarding the available disability benefits false and fraudulent.  Mail and telephone calls were used in furtherance of this scheme, and premiums were accepted via mail.  This fraudulent scheme has been continuous and, upon information and belief, is still ongoing.

One of the predicate acts of mail fraud perpetrated by Defendants was the selling of a disability policy to Plaintiff.  Given the undisclosed existence of Defendants' fraudulent scheme, the statements contained in the policy and the promotional documents were misleading and fraudulent, and were intended to create the false belief that Plaintiff would in fact receive benefits if she became disabled so that Plaintiff would purchase a policy.  Plaintiff applied for the policy on July 23, 1997, and on numerous occasions has sent checks for the premiums Defendants duped her into paying through the mail.

50.     Provident Life and Accident Insurance Company instituted a similar scheme to enrich itself by defrauding its disability policyholders.

51.     Defendant UNUM's fraudulent scheme was so successful that it used the income generated  by its pattern of racketerring activity to form UnumProvident and acquire Provident Life and Accident Insurance Company.  As a direct and proximate result of the fraudulent scheme, Defendant's premium income would have been used to pay Plaintiff and other similarly situated disabled policyholders rather than to acquire another company.  Thererfore, Plaintiff suffered an investment injury.  This conduct violated 18 U.S.C. § 1962(a).

52.     Defendant UNUM's conduct violated 18 U.S.C. § 1962(b) in that it acquired and maintained control of UnumProvident and Provident Life and Accident Insurance Company throught a pattern of racketering activity, as described above.

53.     The conduct of Defendants violated 18 U.S.C. § 1962(c) in that Defendants conducted the enterprise's affiars through the pattern of racketeering activity described above.  As a direct and proximate result, Plaintiff suffered damages.

54.     The documents and information necessary to support and give full details of Defendants' fraudulent schemes and pattern of racketeering activity are in Defendants' sole possession and control.  Plaintiff has pled the facts gathered in extra-judicial investigation, but reserves the right to more amend her complain to more fully plead the details once discovery has been conducted.

55.     Defendants' RICO violations are a direct, proximate and producing cause of Plaintiff's damages.

56.     Plaintiff seeks actual damages, treble damages and attorneys' fees for her RICO claim.

## DAMAGES

57.     Plaintiff seeks actual, special, additional and treble damages, together with attorneys' fees and costs of court, in an amount that will be shown at the time of

trial.

## JURY DEMAND

58.     Plaintiff demands trial by jury.

## AFFIRMATIVE PLEAS

59.     Plaintiff's policy is not part of an ERISA plan.  ERISA does not preempt or apply to Plaintiff's claims.

60.     All conditions precedent have been satisfied or excused.

## VICARIOUS AND JOINT LIABILITY

61.     Defendant UnumProvident Corporation is vicariously and jointly liable for Defendant UNUM's misfeasant and malfeasant behavior, as well as its contractual breaches, because the two corporation engaged in a conspiracy, joint venture and/or joint enterprise to increase profits by wrongfully denying disability claims.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff **KAREN BROOKS** prays that citations be issued and that Defendants be served and that, upon trial on the merits, the Court will enter judgment against Defendants for the relief requested in this complaint.

Respectfully submitted,

ZAVALETTA & COWEN
603 E. St. Charles St.
Brownsville, Texas 78520
(956) 546-5567
(956) 541-2205 (FAX)

_____
Michael R. Cowen, P.C.
State Bar No. 00795307
Federal ID No. 19967

## CERTIFICATE OF SERVICE

I, Michael R. Cowen, hereby certify that a true and correct copy of the

foregoing document has been sent by certified mail, return receipt requested,

to Defendants' counsel on this the 15th day of June, 2000.

Doug K. Butler
FIGARI, DAVENPORT & GRAVES, L.L.P.
4800 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas 75202

_____
Michael R. Cowen, P.C.