18

United States District Court
Southern District of Texas
FILED

JUL 0 3 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| KAREN BROOKS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-029 |
| | § | |
| UNUMPROVIDENT CORPORATION | § | JURY DEMANDED |
| and UNUM LIFE INSURANCE | § | |
| COMPANY OF AMERICA, | § | |
| | § | |
| Defendants. | § | |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
### FOR LEAVE TO FILE AMENDED COMPLAINT

Defendants UnumProvident Corporation ("UnumProvident") and UNUM Life Insurance Company of America ("UNUM Life") (collectively, "Defendants") file this response to Plaintiff's Motion for Leave to File Amended Complaint (the "Motion for Leave") and state:

### I. NATURE OF THE ACTION

This is a suit for benefits under a master policy issued by UNUM Life's predecessor to the American Podiatric Medical Association. Plaintiff Karen Brooks ("Brooks") obtained coverage under the policy, and less than a year later, she fell in her bathtub and purportedly sustained injuries preventing her from performing her occupational duties. UNUM Life began paying $6,000 per month in disability benefits to Brooks while it investigated her claim. During its investigation, UNUM Life obtained surgical logs from one of the hospitals at which

Brooks had privileges indicating that she performed more surgeries in the period after her fall than she had before her fall. Brooks was unable to offer a satisfactory explanation for the information contained in these logs, and UNUM Life stopped paying benefits to her. This lawsuit ensued.

## II. PROCEDURAL HISTORY

### A. Brooks Files Her Original Complaint.

On February 15, 2000, Brooks instituted this action in this Court with the filing of Plaintiff's Original Complaint (the "Complaint"), in which she purported to assert claims against Defendants for repudiation and anticipatory breach of contract, violations of the Texas Insurance Code and the DTPA, and civil RICO. Brooks sought benefits under the policy, treble damages, and attorneys' fees.

### B. Defendants File the Motion to Dismiss.

On April 17, 2000, Defendants filed Defendants' Amended Motion to Dismiss Certain Claims and Brief in Support (the "Motion to Dismiss"), in which they sought the dismissal of Brooks' RICO claim on the grounds that she had failed to state a claim against Defendants upon which relief could be granted and had failed to plead such claim with the requisite particularity. The same day, Defendants also filed Defendants' Amended Answer, in which they addressed the remaining allegations in the Complaint.

### C. Brooks Files the Motion for Leave and Her Response to the Motion to Dismiss.

On June 15, 2000, almost two months after the filing of the Motion to Dismiss, Brooks filed the Motion for Leave and her response to the Motion to Dismiss. In the Motion for Leave, Brooks seeks leave to file the attached Plaintiff's First Amended Complaint (the "proposed Amended Complaint") "in the interests of justice and giving the Defendants better notice of her claims." (Motion for Leave at 2.) For the reasons set forth below, the Motion for Leave is without merit and should be denied.

## III. ARGUMENT

### A. Standards for Granting Leave to Amend.

Rule 15 of the Federal Rules of Civil Procedure provides in pertinent part: "[A] party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." However, as consistently interpreted by the judiciary, Rule 15 does not provide Brooks with <u>carte blanche</u> to amend her pleadings. In fact, the requirement of judicial approval readily demonstrates that there are instances where leave should not be granted. See <u>Klee v. Pittsburgh & W. Va. Ry. Co.</u>, 22 F.R.D. 252, 255 (W.D. Pa. 1958). Instead, leave is to be freely granted only in the underlying <u>absence</u> of such factors as (1) futility of the amendment, (2) undue delay, (3) repeated failure to cure deficiencies by prior amendments, (4) bad faith or dilatory motive, and (5) undue prejudice to the opposing party. See <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). As set forth

more fully below, Brooks' efforts to amend the Complaint run afoul of many of the foregoing factors, and the Court should deny the Motion for Leave.

### B. Amendment Would Be Futile.

Initially, the Motion for Leave should be denied because amendment would be futile. A comparison of the Complaint and the proposed Amended Complaint reveals that the only substantive difference is the inclusion of additional allegations in support of Brooks' RICO claim. However, for the reasons set forth in Defendants' Reply to Plaintiff's Response to Defendants' Amended Motion to Dismiss Certain Claims (the "Reply"), which was filed contemporaneously herewith and is incorporated herein by reference, the allegations in the proposed Amended Complaint still fail to state a RICO claim against Defendants. By way of example, Brooks has not, in either the Complaint or the proposed Amended Complaint, sufficiently alleged a pattern of racketeering activity, that she has suffered an investment injury, that UNUM Life has acquired or maintained control over an enterprise through a pattern of racketeering activity, or that a RICO "enterprise" exists apart from Defendants. Since the additional allegations in the proposed Amended Complaint are subject to prompt dismissal, the Motion for Leave should be denied. See Pan-Islamic Trade Corp. v. Exxon Corp., 632 F.2d 539, 546 (5th Cir. 1980) ("Clearly, if a complaint as amended is subject to dismissal, leave to amend need not be given."), cert. denied, 454 U.S. 927 (1981).

## C. Amendment Would Unduly Prejudice Defendants.

In addition, the Motion for Leave should be denied because Defendants would be unduly prejudiced if it were granted. As set forth more fully in the Reply, Brooks has not stated (and, in all probability, cannot state) a viable RICO claim against Defendants. It is readily apparent that Brooks has included a RICO claim in hopes of obtaining far-reaching and expensive discovery into a variety of matters that have nothing whatsoever to do with this case.[1] This information, however, is neither relevant to any of her claims nor reasonably calculated to lead to the discovery of admissible evidence. See, e.g., North River Ins. Co. v. Greater N.Y. Mut. Ins. Co., 872 F. Supp. 1411, 1412 (E.D. Pa. 1995); Leksi, Inc. v. Federal Ins. Co., 129 F.R.D. 99, 106 (D.N.J. 1989); Marker v. Union Fidelity Life Ins. Co., 125 F.R.D. 121, 124-25 (M.D.N.C. 1989); Baker v. CNA Ins. Co., 123 F.R.D. 322, 328-29 (D. Mont. 1988); Moses v. State Farm Mut. Auto. Ins. Co., 104 F.R.D. 55, 57-58 (N.D. Ga. 1984). Brooks has clearly failed to state a RICO claim in the Complaint, and if the Court allows her to file the proposed Amended Complaint and finds that she has sufficiently alleged a RICO claim, Defendants will be unduly prejudiced by having to incur the time and expense associated with addressing countless discovery requests seeking information that has nothing whatsoever to do with this case. The Court should thus deny the Motion for Leave.

---

[1] By way of example, in the Joint Discovery/Case Management Plan, Brooks indicates that she intends to seek discovery into Defendants' policies with respect to the handling of disability claims, bonuses or incentives purportedly paid to Defendants' officers and employees, Defendants' handling of other claims, and the training that Defendants' employees received with respect to the handling of disability claims.

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT** - Page 5

## IV. CONCLUSION

Defendants respectfully request that the Court deny the Motion for Leave.

Respectfully submitted,

By: *Andrew C Whitaker*

Doug K. Butler
State Bar No. 03516050
S.D. No. 9271
Attorney-In-Charge

OF COUNSEL:
Andrew C. Whitaker
State Bar No. 21273600
S.D. No. 14309
Lisa L. Traylor
State Bar No. 00797967
S.D. No. 21115

FIGARI DAVENPORT & GRAVES, L.L.P.
4800 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas 75202
(214) 939-2000
(214) 939-2090 (FAX)

ATTORNEYS FOR DEFENDANTS
UNUMPROVIDENT CORPORATION
and UNUM LIFE INSURANCE
COMPANY OF AMERICA

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been sent by certified mail, return receipt requested to, Mr. Michael R. Cowen, P.C., Cowen & Livesay, 1325 Palm Blvd., Brownsville, Texas 78520, on this 30th day of June, 2000.

_____
Andrew C. Whitaker

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION**
**FOR LEAVE TO FILE AMENDED COMPLAINT - Page 7**