IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| KAREN BROOKS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-029 |
| | § | |
| UNUMPROVIDENT CORPORATION | § | JURY DEMANDED |
| and UNUM LIFE INSURANCE | § | |
| COMPANY OF AMERICA, | § | |
| | § | |
| Defendants. | § | |

United States District Court
Southern District of Texas
FILED

JUL 0 3 2000

Michael N. Milby
Clerk of Court

### DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' AMENDED MOTION TO DISMISS CERTAIN CLAIMS

Defendants UnumProvident Corporation ("UnumProvident") and UNUM Life Insurance Company of America ("UNUM Life") (collectively, "Defendants") file this reply to Plaintiff's Response to Defendants' Amended Motion to Dismiss Certain Claims (the "Response") and state:

### I. THE RESPONSE AND MOTION FOR LEAVE

On June 15, 2000, almost two months after the filing of Defendants' Amended Motion to Dismiss Certain Claims and Brief in Support (the "Motion to Dismiss"), Plaintiff Karen Brooks ("Brooks") filed the Response, in which she contends that Plaintiff's Original Complaint sufficiently alleges a viable RICO claim. In tacit acknowledgment, however, of the deficiencies in her allegations, Brooks also filed Plaintiff's Motion for Leave to File Amended Complaint (the "Motion for Leave"), in which she sought leave to file Plaintiff's First Amended

Complaint (the "proposed Amended Complaint") "in the interest of justice and giving the Defendants better notice of her claims." (Motion for Leave at 2.) Defendants advised Brooks that they opposed the Motion for Leave because, as set forth in the Motion to Dismiss and below, she has not pled, in either the Complaint or the proposed Amended Complaint, a viable RICO claim against Defendants.[1]

## II. ARGUMENT

A. **General Requirements for the Pleading of RICO Claims.**

In the proposed Amended Complaint, Brooks alleges that UNUM Life violated 18 U.S.C. §§ 1962(a) and (b) and that Defendants violated § 1962(c). (Proposed Amended Complaint ¶¶ 51-53.) As the Fifth Circuit has observed, "[b]oiled down to their essence in plain English, the subsections state:

   (a)   a person who has received income from a pattern of racketeering cannot invest that income in an enterprise.

   (b)   a person cannot acquire or maintain an interest in an enterprise through a pattern of racketeering.

   (c)   a person who is employed by or associated with an enterprise cannot conduct the enterprise's affairs through a pattern of racketeering."

In re Burzynski, 989 F.2d 733, 741 (5th Cir. 1993). Brooks' claims under all of these sections thus necessitate "(1) a _person_ who engages in (2) a _pattern of racketeering activity_, (3) connected to the acquisition, establishment, conduct, or control of an _enterprise_." Id. (emphasis in original). As set forth in the Motion to Dismiss and below, Brooks has failed to

---

[1]Contemporaneously herewith, Defendants have filed their response to the Motion for Leave.

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANTS' AMENDED MOTION TO DISMISS CERTAIN CLAIMS** - Page 2

properly plead a RICO claim, in either the Complaint or the proposed Amended Complaint, and the Court should thus grant the Motion to Dismiss and deny the Motion for Leave.

B.  **Brooks Has Failed to Properly Allege a Pattern of Racketeering Activity.**

Initially, dismissal of all of Brooks' RICO claims is required because she has not pled (and, in all probability, cannot properly plead) a "pattern of racketeering activity." To satisfy this requirement, Brooks must plead both (1) predicate acts and (2) a pattern of such acts. See Burzynski, 989 F.2d at 742. In the proposed Amended Complaint, Brooks alleges that Defendants committed a "predicate act" by selling the policy to her and purportedly making misrepresentations to her regarding the policy and her disability status.[2] (Proposed Amended Complaint ¶ 49; see also Response at 3.) Tellingly, however, Brooks does not point to a single representation actually made by either UNUM Life or UnumProvident that is in any way untrue. This oversight comes as no surprise, as none of the parties to this action were involved in the issuance of the policy in question. Rather, the policy in question was sold to the American Podiatric Medical Association by Commercial Life Insurance Company ("Commercial Life"), which merged into UNUM Life after the issuance of the policy. Moreover, UnumProvident was not even in existence at the time Brooks' claim was closed, let alone at the time Commercial Life issued the policy. Similarly, Brooks does not allege any specific misrepresentations that Defendants purportedly made to her regarding her disability status. To the contrary, Brooks received eight months of benefits from UNUM Life (after paying premiums for less than a year) and stopped receiving benefits only after UNUM Life

---

[2] In the Complaint, Brooks merely alleges that Defendants have engaged in wire and mail fraud "in furtherance of a scheme to defraud Plaintiff and others similarly situated out of disability benefits." (Complaint ¶ 43.)

DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANTS' AMENDED MOTION TO DISMISS CERTAIN CLAIMS - **Page 3**

learned that she had not been completely candid about her continued performance of podiatric surgeries after her alleged injury.[3] Brooks' failure to sufficiently plead the requisite "predicate acts" warrants the dismissal of all of her RICO claims.

Assuming (without conceding) that Brooks has sufficiently pled the existence of "predicate acts," dismissal is nonetheless appropriate because she has failed to plead a "pattern" of such acts. To satisfy this requirement, Brooks must plead that the predicate acts are related to each other and that they constitute or threaten long-term activity; that is, the acts must both be "related" to each other and have "continuity." See <u>H.J. Inc. v. Northwestern Bell Tel. Co.</u>, 492 U.S. 229, 239 (1989). Brooks attempts to satisfy this element by alleging in the proposed Amended Complaint that UNUM Life denied the claims of her and others to form UnumProvident and acquire Provident Life and Accident Insurance Company ("Provident").[4] (Proposed Amended Complaint ¶¶ 49, 51.) Brooks' claim fails both factually and legally. First, UNUM Life did not acquire Provident; rather, on June 30, 1999, UNUM Life's then-parent company merged with and into Provident's then-parent company under the name

---

[3]By way of example, Brooks repeatedly denied to UNUM Life that she performed any patient care after her fall in May 1998; during its investigation of her claim, however, UNUM Life received surgical records from Brownsville Medical Center ("BMC") stating that she performed more surgeries in 1998 after her fall than she had before her fall. When confronted with this evidence, Brooks initially denied performing any of the listed procedures and asserted that someone else performed them. UNUM Life then verified with BMC that the surgeon listed on the surgical records (i.e., Brooks) in fact performed the procedure in question.

[4]Although no such allegation is found in the Complaint, Brooks baldly asserts in the Response that "Defendants' overall scheme is to deny legitimate claims." (Response at 4.) Brooks has not yet pointed to any evidence in support of this assertion. Under Brooks' analysis, UNUM Life should pay every claim without questioning or investigating whether the claimant is in fact entitled to benefits. Brooks' position is nonsensical; rather, it is incumbent on UNUM Life to determine whether a given claim is payable, and the information that it received pertaining to Brooks (after it had paid benefits to her for eight months) confirmed that hers was not.

<u>DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANTS' AMENDED MOTION TO DISMISS CERTAIN CLAIMS</u> - **Page 4**

UnumProvident, and the merger was accounted for as a pooling of interests.[5] Since the acts of fraud alleged by Brooks were part and parcel of a single, discrete, and otherwise lawful commercial transaction, they do not constitute a RICO violation. See Delta Truck & Tractor, Inc. v. J.I. Case Co., 855 F.2d 241, 244 (5th Cir. 1988) (affirming the dismissal of a RICO claim where the multiple acts of alleged fraud were part and parcel of an otherwise lawful merger), cert. denied, 489 U.S. 1079 (1989). The same result is appropriate here.

C.  **Brooks Has Failed to Properly Allege that She Suffered an Investment Injury.**

Independent of the foregoing, dismissal of Brooks' claim under § 1962(a) is appropriate because she has failed to allege the requisite nexus between her alleged investment injury and Defendants' allegedly wrongful activities. Importantly, to state a claim under this subsection, Brooks must allege facts showing that her injury resulted from the use and investment of racketeering income; injury from the racketeering activity itself is not enough. See Arena Land & Inv. Co. v. Petty, 906 F. Supp. 1470, 1478 (D. Utah 1994) ("A plaintiff seeking civil damages for a violation of section 1962(a) must allege facts showing injury from the use or investment of racketeering income; injury from the racketeering activity itself is not enough."), aff'd, 69 F.3d 547 (10th Cir. 1995); Ouaknine v. MacFarlane, 897 F.2d 75, 82-83 (2d Cir. 1990) (stating that "the essence of a violation of § 1962(a) is not commission of predicate acts but investment of racketeering income"). Brooks attempts to satisfy this requirement by alleging in the proposed Amended Complaint that she was damaged by Defendants' use of

---

[5] Brooks conceded in the Complaint that this combination was a merger, not an acquisition. See Complaint ¶ 1 (referring to "the time that UNUM [Life] and Provident began to merge to become UnumProvident").

DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANTS' AMENDED MOTION TO DISMISS CERTAIN CLAIMS - Page 5

premium dollars to acquire Provident rather than pay her and other disabled policyholders.[6] (Proposed Amended Complaint ¶ 51.) By her own admission, Brooks' claimed injury results from the decision to close her claim (i.e., the alleged racketeering activity), not the use or investment of racketeering income (i.e., Defendants' alleged acquisition of Provident). Since Brooks' claimed injury did not result from UNUM Life's use or investment of racketeering income, dismissal of her § 1962(a) claim is appropriate. See <u>Parker & Parsley Petro. Co. v. Dresser Indus.</u>, 972 F.2d 580, 584 (5th Cir. 1992) (affirming the dismissal of the plaintiff's § 1962(a) claim where the compensable injury did not flow from the use or investment of racketeering income); see also <u>Pemberton Sales & Serv., Inc. v. Banco Popular de Puerto Rico</u>, 877 F. Supp. 961, 969 (D.V.I. 1994) (observing that "injury caused by predicate acts of racketeering or remote allegations of injury from use or investment are insufficient to establish the requisite injury under § 1962(a)").

D. **UNUM Life Did Not Acquire or Maintain Control Over UnumProvident or Provident Through a Pattern of Racketeering Activity.**

Dismissal of Brooks' claim under § 1962(b) is appropriate because she has failed to sufficiently allege that Defendants acquired or maintained an interest in an enterprise through a pattern of racketeering activity. In the proposed Amended Complaint, Brooks alleges that UNUM Life acquired and maintained control of UnumProvident and Provident through a pattern of racketeering activity.[7] (Proposed Amended Complaint ¶ 52.) As set forth in section II.B. above, however, UNUM Life did not acquire or maintain control of either

---

[6] Brooks did not include such an allegation in the Complaint.

[7] Brooks did not include such an allegation in the Complaint.

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' AMENDED MOTION TO DISMISS CERTAIN CLAIMS** - Page 6

UnumProvident or Provident, whether through a pattern of racketeering activity or otherwise. Rather, UNUM Life's parent and Provident's parent merged in a pooling of interests as part of a single, discrete, and otherwise lawful commercial transaction. Moreover, Brooks has failed to allege the requisite causal nexus between any acquisition of an interest in an enterprise and her alleged damages. See Old Time Enterprises, Inc. v. International Coffee Corp., 862 F.2d 1213, 1219 (5th Cir. 1989). Dismissal of her § 1962(b) claim is thus appropriate.

E.  **Defendants Cannot Be the RICO "Enterprise" Under § 1962(c).**

Finally, dismissal of Brooks' claim under § 1962(c) is appropriate because she has failed to plead a RICO "enterprise" that is distinct from the RICO "person" (i.e., Defendants). In the Response, Brooks concedes (as she must) that, under § 1962(c), Defendants must be distinct from the RICO "enterprise." See Response at 1 (citing Burzynski, 989 F.2d at 743). The Fifth Circuit has repeatedly recognized the existence of this requirement. See, e.g., Khurana v. Innovative Health Care Sys., Inc., 130 F.3d 143, 156 (5th Cir. 1997) (observing that two entities "cannot simultaneously be both the enterprise and the name defendants"), vacated as moot, 525 U.S. 979 (1998); Bishop v. Corbitt Marine Ways, Inc., 802 F.2d 122, 122-23 (5th Cir. 1986). Brooks attempts to evade this requirement by the mere expedient of alleging in the proposed Amended Complaint that Defendants, Provident, "certain unknown individuals not employed by Defendants who conduct so-called 'independent' medical exams and medical reviews, and certain unknown officers and/or employees of Defendants" constitute an

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANTS' AMENDED MOTION TO DISMISS CERTAIN CLAIMS** - **Page 7**

"association in fact."[8] See Proposed Amended Complaint ¶ 46. Once again, Brooks' analysis misses the mark.

In this regard, the Fifth Circuit has recognized that RICO persons associated with or employed by an enterprise must be distinct from the RICO "enterprise." See Khurana, 130 F.3d at 154-55. Here, as in Khurana, the association-in-fact enterprise alleged by Brooks is in reality another name for Defendants and their employees and vendors. See id. at 155; see also Riverwoods Chappaqua Corp. v. Marine Midland Bank, N.A., 30 F.3d 339, 344 (2d Cir. 1994) ("Because a corporation can only function through its employees and agents, any act of the corporation can be viewed as an act of such an enterprise, and the enterprise is in reality no more than the defendant itself."). Similarly, the distinctiveness requirement is not satisfied by pleading that a subsidiary corporation (such as UNUM Life) is a perpetrator-defendant if the parent's and subsidiary's roles in the alleged racketeering activities are not sufficiently distinct. Khurana, 130 F.3d at 155; see also Chamberlain Mfg. Corp. v. Maremont Corp., 919 F. Supp. 1150, 1154-58 (N.D. Ill. 1996) (holding that an enterprise that was an association in fact of a parent and its subsidiary lacked its own distinct identity under § 1962(c)). Moreover, this distinctiveness requirement "may not be avoided by alleging a RICO enterprise that consists merely of a corporation defendant associated with its own employees or agents carrying on the regular affairs of the defendants."[9] Khurana, 130 F.3d at 155; see also

---

[8] On the other hand, in the Complaint, Brooks alleged that "Defendants, individually and collectively, constitute an 'enterprise' as defined by 18 U.S.C. § 1961(4)." (Complaint ¶ 42.)

[9] Indeed, Brooks' reference (Proposed Amended Complaint ¶ 46) to "certain unknown individuals not employed by Defendants who conduct so-called 'independent' medical exams and medical reviews" is meaningless, as UNUM Life did not base its decision to close her claim, even in part, on such an independent examination or review.

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANTS' AMENDED MOTION TO DISMISS CERTAIN CLAIMS - Page 8**

Riverwoods Chappaqua Corp., 30 F.3d at 344; Parker & Parsley Petro. Co., 972 F.2d at 583-84 & n.3 (finding an alleged "association-in-fact" of employees was merely the defendant corporation functioning through its employees in the course of their employment); Old Time Enterprises, 862 F.2d at 1217. In any event, since Brooks alleges that Defendants effectively constitute the RICO "enterprise," dismissal of her § 1962(c) claim is appropriate.

### F. In the Alternative, Brooks Should Be Required to Complete a RICO Case Statement.

In the alternative, if the Court determines that the Motion to Dismiss should be denied, Brooks should be required to complete a case statement to summarize the nature of her RICO claims. The propriety of this requirement is well-established in the Fifth Circuit. See Marriott Bros. v. Gage, 911 F.2d 1105, 1107 & n.3 (5th Cir. 1990) (citing cases). In fact, the Marriott Bros. court attached a form case statement as an appendix to its opinion. Id. at 1109-11. The case statement ensures that Brooks has a reasonable basis for her RICO claim, as required by Fed. R. Civ. P. 11, before subjecting Defendants to the far-reaching and expensive discovery that she is expected to seek.[10] The case statement would likely also be of help to the Court in deciding whether Brooks has any factual or legal basis for her RICO claim.

### III. CONCLUSION

Defendants respectfully request that the Court grant the Motion to Dismiss, dismiss Brooks' RICO claim in its entirety with prejudice, and deny the Motion for Leave. In the

---

[10] As set forth in the Motion to Dismiss, Fed. R. Civ. P. 9(b) requires Brooks to plead her RICO claim with particularity. See Motion to Dismiss at 7-8. A review of the Complaint makes it clear that Brooks failed to satisfy this heightened standard. The proposed Amended Complaint also fails to satisfy this standard and, as set forth above, discovery will not enable Brooks to correct this deficiency.

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO**
**DEFENDANTS' AMENDED MOTION TO DISMISS CERTAIN CLAIMS** - Page 9

alternative, Defendants request that the Court withhold ruling on the Motion to Dismiss and the Motion for Leave until such time as Brooks has filed a satisfactory RICO case statement.

Respectfully submitted,

By: *Andrew C Whitaker*
Doug K. Butler
State Bar No. 03516050
S.D. No. 9271
Attorney-In-Charge

OF COUNSEL:
Andrew C. Whitaker
State Bar No. 21273600
S.D. No. 14309
Lisa L. Traylor
State Bar No. 00797967
S.D. No. 21115

FIGARI DAVENPORT & GRAVES, L.L.P.
4800 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas 75202
(214) 939-2000
(214) 939-2090 (FAX)

ATTORNEYS FOR DEFENDANTS
UNUMPROVIDENT CORPORATION
and UNUM LIFE INSURANCE
COMPANY OF AMERICA

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been sent by certified mail, return receipt requested to, Mr. Michael R. Cowen, P.C., Cowen & Livesay, 1325 Palm Blvd., Brownsville, Texas 78520, on this 30th day of June, 2000.

*Andrew C Whitaker*
Andrew C. Whitaker

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANTS' AMENDED MOTION TO DISMISS CERTAIN CLAIMS - Page 10**