31

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 2 4 2001

Michael N. Milby
Clerk of Court

KAREN BROOKS                    §

VS.                             §        CIVIL ACTION NO. B-00-029
                                §
UNUM PROVIDENT CORPORATION      §
AND UNUM LIFE INSURANCE         §
COMPANY OF AMERICA              §

## MOTION FOR APPEARANCE OF
## ATTORNEY MARK A. DI CARLO

## MOTION FOR REHEARING;
## AND/OR MOTION FOR EXTENSION OF TIME FOR PLAINTIFF TO FILE
## MOTION TO ALTER OR AMEND JUDGMENT;
## AND/OR PLAINTIFF'S REQUEST THAT SHE BE GIVEN AN EXTENSION OR
## TIME TO RESPOND TO "DEFENDANT'S MOTION TO ALTER OR AMEND
## JUDGMENT AND SUPPORTING BRIEF";
## AND/OR PLAINTIFF'S MOTION THAT ATTORNEY MICHAEL COWEN PAY
## COSTS ASSESSED

1.     The Honorable Judge Hilda Tagle signed an order dated March 26, 2001 regarding Dr. Brook's ordering Dr. Brook's to pay costs of $4773.10.  **See, Exhibit A**

2.     Dr. Karen Brooks received the attached order on or around April 2, 2001 from her attorney of record Michael R. Cowen without the attachments:  that is without  the "Defendant's Motion to Alter or Amend Judgment and Supporting Brief". **See, Exhibit B.**  Mr. Cowen's letter states that it included the "Defendant's Motion to Alter or Amend Judgment and Supporting Brief" but it did not include the motion.  Dr. Brooks picked up the motion from the United States District Court on, or around,  April 2, 2001

3.     The plaintiff Dr. Karen Brooks was unaware of the filing of the "Defendant's Motion to Alter or Amend Judgment and Supporting Brief" and was unaware that a response had not been filed by her attorney Michael Cowen in this case.

4.     Dr. Karen Brooks learned of the alleged withdrawal by her attorney Michael Cowen in the attached letter she received from her attorney on January 8, 2001; see attached **Exhibit C.**     Plaintiff's counsel Michael R. Cowen is still attorney of record in this case.  Therefore, Mark A. Di Carlo requests permission to appear in this case on this motion.

5.  Dr. Karen Brooks was not aware that she might be responsible for numerous costs if she did not file a responsive motion to "Defendant's Motion to Alter or Amend Judgment and Supporting Brief" and neither was she aware of the filing of this motion   The attached withdrawal from representation letter dated January 8, 2001 from her attorney Michael Cowen, **Exhibit C,**     did not notify her that there were outstanding or pending motions in the case.

6.     Plaintiff, Karen Brooks retained counsel Mark A. Di Carlo on February 23, 2001 and counsel received the contract on March 1, 2001 to file a lawsuit against UNUM; the two year statute of limitations was expiring in the case on March 29, 2001. Di Carlo received approximately four index boxes of documents when he was retained.   Counsel Di Carlo prepared and filed a 14 page lawsuit with attachments on March 29, 2001.

7.     Plaintiff requests that she be granted an opportunity to research and file a responsive motion to "Defendant's Motion to Alter or Amend Judgment and Supporting Brief" of thirty days.

8.  Plaintiff requests that she be given a rehearing regarding the orders to pay costs.

9.  Plaintiff requests that she be permitted to file a Motion to Alter or Amend the Judgment and/or Order for her to Pay $4773.10 in costs.

10.  Plaintiff alternatively requests that Mr. Michael Cowen is ordered to pay for the costs in that he failed to notify Dr. Brooks that such a motion was filed; failed to notify her that a responsive motion was filed; withdrew from the case without filing a response on December 21, 2000 by letter.  In addition plaintiff believes that the contingency contract she signed with Mr. Cowen is a contingency contract wherein he guarantees all costs incurred.  Plaintiff requests that the order be amended so that Michael Cowen be order to pay costs incurred because of the nature of this case; Because of Mr. Cowen's negligence; In equity; Based upon contract.  Alternatively, she requests that the costs be carried in this case until the conclusion of the new case filed by Di Carlo, Cause No. B-1-052, is resolved.

### CERTIFICATE OF CONSULTATION
### AND CERTIFICATE OF SERVICE

A copy of this motion was sent via-telefaxed (214) 939-2090 to Mr. Andrew C. Whitaker.  Counsel for plaintiff telephoned Mr. Whitaker on April 20, 2001 in order to confer this motion but Mr. Whitaker had not seen this motion, and would not be in the office for the remainder of the day.  Therefore, counsel for plaintiff is

filing said motion and will forward a copy by Certified Mail, Return Receipt Requested to Mr. Andrew C. Whitaker, FIGARI, DAVENPORT & GRAVES 3400 Bank of America Plaza, 901 Main Street, LB 125, Dallas, Texas 75202-3796;  A copy of this motion was also sent by regular mail to Ms. Karen Brooks on this 20th day of April, 2001.

Respectfully submitted,

Mark A. Di Carlo
Attorney At Law
722 Elizabeth St.
Corpus Christi, Texas  78404
(361) 888-6968
(361) 888-6981 Fax
State Bar No.: 05812510
Southern District ID No.  6839

Brooks Motion for Rehearing.wpsApril 20, 2001/Brooks Motion for Rehearing/NewFolder2

CSMPDF - www.fesko.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| KAREN BROOKS | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-00-029 |
| | § | |
| UNUM PROVIDENT CORPORATION | § | |
| AND UNUM LIFE INSURANCE | § | |
| COMPANY OF AMERICA | § | |

<u>MOTION FOR APPEARANCE OF
ATTORNEY MARK A. DI CARLO</u>

<u>PLAINTIFF'S MOTION FOR REHEARING;
AND/OR MOTION FOR EXTENSION OF TIME FOR PLAINTIFF TO FILE
MOTION TO ALTER OR AMEND JUDGMENT;
AND/OR PLAINTIFF'S REQUEST THAT SHE BE GIVEN AN EXTENSION OR
TIME TO RESPOND TO "DEFENDANT'S MOTION TO ALTER OR AMEND
JUDGMENT AND SUPPORTING BRIEF";
AND/OR PLAINTIFF'S MOTION THAT ATTORNEY MICHAEL COWEN PAY
COSTS ASSESSED</u>

On this the _____ day of _____, 2001, came to be

considered Motion for Rehearing and/or Plaintiff's Motion to Alter or Amend

Judgment and Order on Supporting Brief and/or Plaintiff's Objection to Order

and/or Motion for Appearance of Attorney Mark A. Di Carlo and finds as follows:

The MOTION FOR APPEARANCE OF  ATTORNEY MARK A. DI CARLO

is granted/denied;

The PLAINTIFF'S MOTION FOR REHEARING is granted/denied;

The PLAINTIFF'S MOTION FOR EXTENSION OF TIME FOR PLAINTIFF

TO FILE  MOTION TO ALTER OR AMEND JUDGMENT is granted/denied;

The PLAINTIFF'S REQUEST THAT SHE BE GIVEN AN EXTENSION OR TIME TO RESPOND TO "DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT AND SUPPORTING BRIEF" is granted/denied ;

The PLAINTIFF'S MOTION THAT ATTORNEY MICHAEL COWEN PAY COSTS ASSESSED is granted/denied.   The order is amended so that Michael Cowen pay costs of $4,773.10.

SIGNED AND ENTERED on this the _____ day of _____ _____, 2001.


_____
JUDGE PRESIDING

# EXHIBIT "A"

CVisPDF - www.fasiio.com

Case 1:00-cv-00029   Document 31   Filed in TXSD on 04/24/2001   Page 8 of 27

30

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

MAR 2 6 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

KAREN BROOKS,              §
                          §
        Plaintiff,        §
                          §
v.                        §      CIVIL ACTION NO. B-00-29
                          §
UNUMPROVIDENT CORP.       §
and UNUM LIFE INS. CO. OF AMERICA §
                          §
        Defendants.       §

**ORDER**

BE IT REMEMBERED that on March 19, 2001, the Court considered Defendants' Motion to Alter or Amend Judgment and Supporting Brief [Dkt. No. 29]. For the following reasons, the Court **GRANTS** the motion.

The Court previously dismissed Plaintiff's RICO claim with prejudice and dismissed this action without prejudice [Dkt. No. 28]. The Defendants now request the Court to tax costs against the Plaintiff.

Federal Rule of Civil Procedure 54(d)(1) states that fees shall be allowed as of course to the prevailing party unless the court otherwise directs. The Fifth Circuit recognizes a strong presumption in favor of awarding costs to the prevailing party. See Sheets v. Yamaha Motors Corp., U.S.A., 891 F.2d 533, 539 (5th Cir.1990). A district court may exercise its discretion to refuse to award costs to the prevailing party, but if it does so, it must provide justification for its actions. See Yamaha, 891 F.2d at 539.

The Defendants have produced receipts for fees for service of subpoenas, for court reporters, for witnesses, and for copies [Dkt. No. 28, Exh. A] which support their request. Moreover, the Plaintiff has not filed an opposition to this motion. Since the Court does not find any reason to deny the Defendants an award of costs, in its discretion the Court **GRANTS** Defendants' Motion to Alter or Amend Judgment and

1

Supporting Brief [Dkt. No. 29].  In so doing, the Court:

1)   **AMENDS** the Judgment in this action to tax costs incurred by the Defendants against the Plaintiff;

2)   **ORDERS** the Plaintiff to remit sums to the Defendants in the amounts outlined in section B of their motion; and

3)   **ORDERS** the Clerk to enter the Bill of Costs attached as Exhibit A to their motion.

DONE at Brownsville, Texas, this 26th day of March 2001.


_____
Hilda G. Tagle
United States District Judge

2

Case 1:00-cv-00029   Document 31   Filed in TXSD on 04/24/2001   Page 10 of 27

CLOSED

U.S. District Court
TXS - Southern District of Texas (Brownsville)

CIVIL DOCKET FOR CASE #: 00-CV-29

Brooks v. UnumProvident Corp, et al               Filed: 02/15/00
Assigned to: Judge Hilda G Tagle          Jury demand: Plaintiff
Demand: $0,000                            Nature of Suit:  110
Lead Docket: None                         Jurisdiction: Diversity

Cause: 18:1964 Racketeering (RICO) Act


KAREN BROOKS                    Michael Raphael Cowen
     plaintiff                  956-504-3674 fax
                                [COR LD NTC]
                                Attorney at Law
                                765 E 7th St
                                Ste A
                                Brownsville, TX 78520
                                956-541-4981


     v.


UNUMPROVIDENT CORPORATION       Andrew C Whitaker
     defendant                  214-939-2090 fax
                                [COR LD NTC]
                                Figari & Davenport
                                901 Main St
                                Ste 3400
                                Dallas, TX 75202
                                214-939-2000


UNUM LIFE INSURANCE COMPANY OF  Andrew C Whitaker
AMERICA                         (See above)
     defendant                  [COR LD NTC]


Docket as of April 2, 2001 4:07 pm          Page 1

Case 1:00-cv-00029  Document 31  Filed in TXSD on 04/24/2001  Page 11 of 27

Proceedings Include All Events.
1:00cv29 Brooks v. UnumProvident Corp, et al         **CLOSED**

2/15/00   1       COMPLAINT by Karen Brooks filed; FILING FEE $ 150.00
                RECEIPT # 11344 (og)

2/15/00   --      SUMMONS issued for UnumProvident Corp, Unum Life Insurance
                (og) [Entry date 02/16/00]

2/15/00   2       NOTICE of Hearing: set pretrial conference for 9:30
                6/28/00   before Judge Hilda G. Tagle before Judge Hilda
                G. Tagle , filed. (og) [Entry date 02/16/00]

2/25/00   3       RETURN OF SERVICE executed as to Unum Life Insurance
                2/25/00 filed Answer due on 3/16/00 for Unum Life Insurance
                (og) [Entry date 02/28/00]

2/25/00   4       RETURN OF SERVICE executed as to UnumProvident Corp 2/24/00
                filed Answer due on 3/15/00 for UnumProvident Corp (og)
                [Entry date 02/28/00]

3/24/00   5       MOTION to extend time to answer to pltf's complaint by
                UnumProvident Corp, Unum Life Insurance Michael Raphael
                Cowen for plaintiff Karen Brooks, Motion Docket Date
                4/13/00 [5-1] motion , filed. (og) [Entry date 03/27/00]

3/24/00   6       MOTION with memorandum in support to dismiss certain
                claims by UnumProvident Corp, Unum Life Insurance, Motion
                Docket Date 4/13/00 [6-1] motion , filed (og)
                [Entry date 03/27/00]

4/5/00   7       ANSWER to Complaint by UnumProvident Corp, Unum Life
                Insurance (Added attorney Andrew C Whitaker), filed. (og)
                [Entry date 04/07/00]

4/10/00   8       CERTIFICATE OF INTERESTED PARTIES by UnumProvident Corp,
                Unum Life Insurance , filed. (og) [Entry date 04/11/00]

4/17/00   9       AMENDED ANSWER to Complaint by UnumProvident Corp, Unum
                Life Insurance : amends [7-1] answer , filed. (og)

4/17/00   10      AMEnded MOTION with memorandum in support to dismiss by
                UnumProvident Corp, Unum Life Insurance, Motion Docket
                Date 5/7/00 [10-1] motion , filed (og)

4/17/00   11      AMENDED CERTIFICATE OF INTERESTED PARTIES by UnumProvident
                Corp, Unum Life Insurance , filed. (og)

6/13/00   12      JOINT DISCOVERY/Case Management Plan by Karen Brooks,
                UnumProvident Corp, Unum Life Insurance , filed. (og)

6/13/00   13      STIPULATION re: depositions by Karen Brooks, UnumProvident
                Corp, Unum Life Insurance , filed. (og)

6/15/00   14      MOTION for leave to file amended complaint by Karen
                Brooks Michael Raphael Cowen for plaintiff Karen Brooks,
                Motion Docket Date 7/5/00 [14-1] motion , filed. (larr)

Docket as of April 2, 2001 4:07 pm          Page 2

CitePDF - www.texiss.com

Case 1:00-cv-00029   Document 31   Filed in TXSD on 04/24/2001   Page 12 of 27

Proceedings Include All Events.
1:00cv29 Brooks v. UnumProvident Corp, et al                    CLOSED

                    [Entry date 06/19/00]

6/15/00  15    RESPONSE by Karen Brooks to [6-1] amended motion to dismiss
               certain claims , filed. (larr) [Entry date 06/19/00]

6/21/00  16    MOTION to appear at intial pretrial conference of 6/28/00
               at by telephone by UnumProvident Corp, Unum Life
               Insurance, Motion Docket Date 7/11/00 [16-1] motion ,
               filed. (og)

6/27/00  17  IMG ORDER  granting [16-1] motion to appear at intial pretrial
               conference of 6/28/00 at 9:30am by telephone , entered;
               Parties notified. ( signed by Judge Hilda G. Tagle ) (og)
               [Entry date 06/28/00]

6/28/00  20    Minute entry: Initial pretrial conference held. Attys
               Michael Cowen f/pltf. Mr. Whitaker via telephone f/dft.
               Scheduling order agreed on. Parties are filing responses to
               motion. Discovery issues might arise depending on outcome
               of motions. terminated deadlines (og) [Entry date 07/11/00]

7/3/00   18    RESPONSE by UnumProvident Corp, Unum Life Insurance  to
               [14-1] motion for leave to file amended complaint , filed.
               (larr) [Entry date 07/07/00]

7/3/00   19    RESPONSE by UnumProvident Corp, Unum Life Insurance  to
               [15-1] motion response , filed. (larr) [Entry date 07/07/00]

7/5/00   21  IMG ORDER  set scheduling order deadlines: joining of parties,
               amended pleadings 9/29/00 ; Pltf Expert witness list
               submitted by 11/24/00, dft 30 days of the deposition of the
               pltf's expert ; Discovery cutoff 3/30/01 ; Deadline for
               filing all dispositive motions 4/20/01 ; Pretrial order to
               be submitted on or before 7/20/01 ; Docket call and
               pretrial conference deadline 1:30 8/2/01 ; ; Trial Term: 6
               days,  set jury selection for 9:00 8/6/01 before Judge
               Hilda G. Tagle , entered; Parties notified. ( signed by
               Judge Hilda G. Tagle ) (og) [Entry date 07/11/00]

8/2/00   22  IMG ORDER  granting [5-1] motion to extend time to answer to
               pltf's complaint mooting [6-1] motion to dismiss certain
               claims [10-1] motion to dismiss taken under advisement
               [14-1] motion for leave to file amended complaint taken
               under advisement  set status conference for 2:30 10/2/00
               before Judge Hilda G. Tagle , entered; Parties notified. (
               signed by Judge Hilda G. Tagle ) (og) [Entry date 08/03/00]

9/22/00  23    BRIEF Regarding Continued Performance of Surgeries  by
               UnumProvident Corp, Unum Life Insurance , filed. (og)

9/22/00  24    APPENDIX in Support  by UnumProvident Corp, Unum Life
               Insurance to [23-1] Brief Regarding Continued Performance
               of Surgeries , filed. (og)

CNXPDF - www.fesina.com

Case 1:00-cv-00029  Document 31  Filed in TXSD on 04/24/2001  Page 13 of 27

Proceedings Include All Events.
1:00cv29 Brooks v. UnumProvident Corp, et al                    **CLOSED**

9/29/00  25    RESPONSE by Karen Brooks  to [23-1] Dft's Brief on the
               issue of surgeries performed by pltf , filed. (og)
               [Entry date 10/02/00]

9/29/00  25    MOTION to abate, alternative to dismiss without
               prejudice by Karen Brooks, Motion Docket Date 10/19/00
               [25-1] motion, 10/19/00 [25-2] motion , filed. (og)
               [Entry date 10/02/00]

9/29/00  26    Notice of change of address of Michael R Cowen by Karen
               Brooks , filed. (og) [Entry date 10/03/00]

10/2/00  27    Minute entry: Motion hearing b/Judge Tagle held. Attys
               Michael Cowen f/pltf; Andrew Whitaker f/dft. Ruling--
               granting [10-1] motion to dismiss denying [14-1] motion for
               leave to file amended complaint granting [25-2] motion to
               dismiss without prejudice Ct Reporter: Breck Record  Law
               clerk A. Fajardo. (og) [Entry date 10/03/00]

10/3/00  28    IMG ORDER  granting [10-1] motion to dismiss denying [14-1]
               motion for leave to file amended complaint granting [25-2]
               motion to dismiss without prejudice , entered; Parties
               notified. ( signed by Judge Hilda G. Tagle ) (og)

10/3/00  --    Case closed (og)

10/16/00 29    MOTION with memorandum in support to alter judgment, to
               amend [28-1] judgment  by UnumProvident Corp, Unum Life
               Insurance, Motion Docket Date 11/5/00 [29-1] motion,
               11/5/00 [29-2] motion , filed (og) [Entry date 10/17/00]

3/26/01  30    IMG ORDER  granting [29-1] motion to alter judgment granting
               [29-2] motion to amend [28-1] judgment , entered; Parties
               notified. ( signed by Judge Hilda G. Tagle ) (larr)

# EXHIBIT "B"

Case 1:00-cv-00029   Document 31   Filed in TXSD on 04/24/2001   Page 15 of 27

29

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 16 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| KAREN BROOKS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-029 |
| | § | |
| UNUMPROVIDENT CORPORATION | § | JURY DEMANDED |
| and UNUM LIFE INSURANCE | § | |
| COMPANY OF AMERICA, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' MOTION TO ALTER OR
## AMEND JUDGMENT AND SUPPORTING BRIEF

Defendants UnumProvident Corporation ("UnumProvident") and UNUM Life

Insurance Company of America ("UNUM Life") (collectively, "Defendants") move, pursuant

to Fed. R. Civ. P. 59(e), to alter or amend the Order entered herein on October 3, 2000 (the

"Judgment") and state:

## I. NATURE OF THE ACTION

This is a suit for benefits under a master policy issued to the American Podiatric

Medical Association. Less than a year after obtaining coverage, Plaintiff Karen Brooks

("Brooks") fell in her bathtub and purportedly sustained injuries preventing her from

performing her occupational duties. UNUM Life began paying $6,000 per month in disability

benefits to Brooks while it investigated her claim. During its investigation, UNUM Life

DEFENDANTS' MOTION TO ALTER OR
AMEND JUDGMENT AND SUPPORTING BRIEF - Page 1

CMsPDF - www.fesco.com

obtained (among other information) surgical logs from one of the hospitals at which Brooks had privileges indicating that she performed more surgeries in the period after her fall than she had before her fall. Brooks was unable to offer a satisfactory explanation for the information contained in these logs, and UNUM Life stopped paying benefits to her. This lawsuit ensued.

## II. PROCEDURAL HISTORY

In Plaintiff's Original Complaint (the "Complaint"), Brooks purported to assert claims against Defendants for repudiation and anticipatory breach of contract, violations of the Texas Insurance Code and the DTPA, and civil RICO. Defendants timely filed an answer to the Complaint and sought the dismissal of her RICO claim. In their motion to dismiss, Defendants asserted that Brooks performed more surgeries in 1998 after her fall than she had performed before her fall. Brooks responded to the motion to dismiss and sought leave to amend the Complaint "in the interest of justice and giving the Defendants better notice of her claims." Defendants then filed their reply in support of motion to dismiss and response to Brooks' request for leave.

By Order entered August 3, 2000, the Court requested the parties to submit briefing by September 22, 2000 on the effect on Brooks' claims in this action of her performance of more surgeries after her fall than she had performed before her fall and scheduled a hearing on the issue for October 3, 2000. Defendants filed their brief in a timely fashion. Brooks thereafter filed her response to Defendants' brief and her motion to abate or dismiss this action without prejudice, which request was predicated upon the threat of felony fraud charges against her.

Case 1:00-cv-00029  Document 31  Filed in TXSD on 04/24/2001  Page 17 of 27

On October 3, 2000, after hearing argument from the parties' counsel, the Court entered the Judgment, in which the Court dismissed Brooks' RICO claim with prejudice, denied her motion for leave to amend, and granted her motion to dismiss her remaining claims without prejudice. The Judgment is silent, however, on the issue of costs.

## III. GROUNDS FOR RELIEF

Defendants are entitled to recover their court costs from Brooks under Fed. R. Civ. P. 54(d)(1). Defendants respectfully request that the Court amend the Judgment to tax all costs against Brooks.

## IV. ARGUMENT

A.  **Defendants Are Entitled to Recover Their Court Costs from Brooks.**

Fed. R. Civ. P. 54(d)(1) states:

> (1)  *Costs Other Than Attorneys' Fees.*  Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs....

Fed. R. Civ. P. 54(d)(1). The Fifth Circuit recognizes a strong presumption in favor of awarding costs to the prevailing party. See Salley v. E.I. DuPont de Nemours & Co., 966 F.2d 1011, 1017 (5th Cir. 1992); Sheets v. Yamaha Motors Corp., U.S.A., 891 F.2d 533, 539 (5th Cir. 1990); United States v. D.K.G. Appaloosas, Inc., 829 F.2d 532, 539 (5th Cir. 1987), cert. denied, 485 U.S. 976 (1988); Schwarz v. Folloder, 767 F.2d 125, 131 (5th Cir. 1985). Although Rule 54(d) permits the Court to deny costs to the prevailing party, it cannot act

Case 1:00-cv-00029   Document 31   Filed in TXSD on 04/24/2001   Page 18 of 27

arbitrarily in exercising its discretion.  At a minimum, the Court must listen to such party's argument and state reasons for its decision to not award costs.  See Salley, 966 F.2d at 1017; Hall v. State Farm Fire & Cas. Co., 937 F.2d 210, 216-17 (5th Cir. 1991); Schwarz, 767 F.2d at 127.  Failure to state those reasons is reversible error.  See Schwarz, 767 F.2d at 127.  Moreover, the Court cannot require the prevailing party to share costs unless the costs serve as a sanction.  See Salley, 966 F.2d at 1017; Hall, 937 F.2d at 216.

For example, in Hall, the insured recovered nothing on her claims against her fire insurer, and the district court entered a take-nothing judgment but ordered that each party pay its own costs without listing any reason for its action.  The Fifth Circuit reversed and remanded the case to the trial court to tax costs against the plaintiff or to state specific reasons why it refused to do so.  937 F.2d at 216-17.  The same result was reached in Schwarz, in which the Fifth Circuit noted that Rule 54 reasonably bears the intendment that the prevailing party is prima facie entitled to costs and that it is incumbent on the losing party to overcome that presumption since the denial of costs is in the nature of a penalty for some defection in the course of litigation.  767 F.2d at 131; see also Delta Air Lines, Inc. v. August, 450 U.S. 346, 353 n.14 (1981) (noting that the district court should deny costs to a prevailing party "only where there would be an element of injustice in a cost award").

Here, Brooks cannot point to anything that Defendants or their counsel did in this litigation which would overcome the strong presumption in favor of Defendants recovering their costs as the prevailing party.  To the contrary, Defendants obtained the dismissal with

prejudice of Brooks' RICO claim, and Brooks voluntarily sought the dismissal of her remaining claims.

**B.      The Taxable Court Costs.**

28 U.S.C. § 1920 provides that the Court may tax as costs, among other items, (1) fees and disbursements for printing and witnesses, and (2) fees for exemplification and copies of papers necessarily obtained for use in the case. Defendants incurred the following costs within these categories:

1.      Witness and Court Reporter Fees. Defendants served subpoenas and depositions on written questions on various third parties to obtain copies of their records pertaining to Brooks. In connection with this effort, Defendants incurred **$680.00** in serving subpoenas, **$3,561.99** in court reporter fees for depositions on written questions, and **$440.00** in witness fees.

2.      Copies of Other Documents. Throughout the course of this action, Defendants have been required to prepare and serve numerous pleadings and other papers. Their attorneys charged Defendants $0.15 per page for copies of documents. A total of **322 pages** of copies were made of pleadings, discovery responses, and other papers necessarily obtained for use in the case which, at $0.15 per page, totals **$91.20**.

3.      Bill of Costs Attached. Defendants have attached as Exhibit A their Bill of Costs supporting this request.

DEFENDANTS' MOTION TO ALTER OR
AMEND JUDGMENT AND SUPPORTING BRIEF - **Page 5**

CZ6PDF - www.fsxisx.com

Case 1:00-cv-00029   Document 31   Filed in TXSD on 04/24/2001   Page 20 of 27

## V. CONCLUSION

Defendants respectfully request that the Court alter or amend the Judgment to tax all costs incurred by Defendants against Brooks and have the Clerk enter the Bill of Costs attached as Exhibit A.

Respectfully submitted,

By: _Andrew C Whitaker_

Doug K. Butler
State Bar No. 03516050
S.D. No. 9271
Attorney-In-Charge

OF COUNSEL:
Andrew C. Whitaker
State Bar No. 21274600
S.D. No. 14309
Lisa L. Traylor
State Bar No. 00797967
S.D. No. 21115

FIGARI DAVENPORT & GRAVES, L.L.P.
4800 Bank of America Plaza
901 Main Street,  LB 125
Dallas, Texas 75202
(214) 939-2000
(214) 939-2090 (FAX)

ATTORNEYS FOR DEFENDANTS
UNUMPROVIDENT CORPORATION
and UNUM LIFE INSURANCE
COMPANY OF AMERICA

Case 1:00-cv-00029   Document 31   Filed in TXSD on 04/24/2001   Page 21 of 27

## CERTIFICATE OF CONFERENCE

On October 13, 2000, counsel for Defendants attempted to confer with Michael Cowen, counsel for Brooks, regarding this motion. Mr. Cowen did not return the call prior to the filing of this motion; however, it is presumed that he opposes this relief.

_Andrew C Whitaker_

Andrew C. Whitaker

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been sent by certified mail, return receipt requested, to Mr. Michael R. Cowen, Michael R. Cowen, P.C., 765 E. 7th Street, Suite A, Brownsville, Texas 78520, on this 13th day of October, 2000.

_Andrew C Whitaker_

Andrew C. Whitaker

AO 133 (Rev. 9/88) Bill of Costs

# United States District Court

## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

KAREN BROOKS,
          Plaintiff,

                    V.

UNUMPROVIDENT CORP

BILL OF CO

Case 1:00-cv-00029    Document 31    Filed in TXSD on 04/24/2001    Page 22 of 27

...NUM LIFE INSURANCE
COMPANY OF AMERICA, Defendants.

Case Number: **B-00-029**

Judgment having been entered in the above entitled action on **10/3/2000** against **Karen Brooks**

the Clerk is requested to tax the following as costs:

| | |
|---|---:|
| Fees of the Clerk .................................................. $ | |
| Fees for service of summons and subpoena ........................ (see attached) | 680.00 |
| Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case ...... (see attached) | 3,561.99 |
| Fees and disbursements for printing ............................... | |
| Fees for witnesses (itemize on reverse side) ..................... (see attached) | 440.00 |
| Fees for exemplification and copies of papers necessarily obtained for use in the case .................. (see attached) | 91.20 |
| Docket fees under 28 U.S.C. 1923 ................................... | |
| Costs as shown on Mandate of Court of Appeals .................... | |
| Compensation of court-appointed experts ......................... | |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 ............ | |
| Other costs (please itemize) ...................................... | |
| **TOTAL $** | **4,773.19** |

SPECIAL NOTE: Attach to your bill an itemization and documentation for requested costs in all categories.

## DECLARATION

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the rvices for which fees have been charged were actually and necessarily performed. A copy of this bill was mailed today with postage prepaid to: Mr. Michael R. Cowen, Michael R. Cowen, P.C., 765 E. 7th Street, Suite A, Brownsville, Texas 78520.

Signature of Attorney: _____

Name of Attorney: Doug K. Butler, Figari Davenport & Graves, L.L.P., 4600 Bank of America Plaza, 901 Main Street, Dallas, Texas 75202-3796

For: UNUMPROVIDENT CORPORATION and UNUM LIFE INSURANCE COMPANY OF AMERICA    Date: 10/13/2000
Name of Claiming Party

Costs are taxed in the amount of _____ and included in the judgement.

By: _____

Clerk of Court          Deputy Clerk          Date

Case 1:00-cv-00029   Document 31   Filed in TXSD on 04/24/2001   Page 23 of 27

# SCHEDULE OF FEES FOR SERVICE OF SUBPOENAS*

| WITNESS | COST |
|---|---|
| Brownsville Medical Center [Jan Behm] | 155.00 |
| Dr. Madhavan Pisharodi [Betty Sosa] | 60.00 |
| David K. Drefke | 60.00 |
| Fernando Torrones | 60.00 |
| First Rio Valley [Jesus Jimenez] | 60.00 |
| John Williams | 60.00 |
| San Antonio South Medical | 45.00 |
| Texas Back Institute [Lori Lopez] | 60.00 |
| Valley Pain Center [Esmeralda Saldivar] | 60.00 |
| Valley Regional Medical Center [Diane Clark] | 60.00 |
| **TOTAL** | 680.00 |

*See attached invoices

# EXHIBIT "C"

CVisPDF – www.fastio.com

Case 1:00-cv-00029   Document 31   Filed in TXSD on 04/24/2001   Page 25 of 27

Mr DiCarlo

4/19/01
1:40 pm

I did not receive this letter
until Jan 8th. I was in New York.

Case 1:00-cv-00029 Document 31 Filed in TXSD on 04/24/2001 Page 26 of 27

LAW OFFICES OF

# MICHAEL R. COWEN, P.C.

765 E. 7th Street, Suite A • Brownsville, Texas 78520
Telephone 956/541-4981 • Facsimile 956/504-3674

December 21, 2000

Dr. Karen Brooks                          **VIA CMRRR # P-214-902-481**
615 Villa Maria Blvd.
Brownsville, Texas 78521

      Re:    **Civil Action No. B-00-029**
           *Karen Brooks, D.P.M. v. UnumProvident Corp. and UNUM*
           *Life Insurance Company of America*

Dear Karen,

      I have not spoken to you in some time. I hope that Ed is taking good care of you.

      I recall you telling me that you wanted to file a civil suit against UNUM in December. However, it is my understanding that the District Attorney's office has not decided whether or not to pursue criminal charges against you. I have not filed a lawsuit.

      You have two types of causes of action against UNUM: tort and breach of contract. In a breach of contract action, you can sue to get the benefits that they owe you. You may also be able to recover prejudgment interest and attorney's fees. In a tort action, such as a bad faith lawsuit, you can seek to recover damages for mental anguish, loss of reputation and, if you can prove that UNUM acted with malice, punitive damages.

      The statute of limitations sets a deadline for you to file your case. The deadline for you to file a tort case is two years from the date on which the tort was committed. The deadline for filing a breach of contract case is four years from the date on which the contract was breached. The statute of limitations will bar your tort causes of action if you don't file them within two years of the date of denial, which is coming up soon.

      Unfortunately, my practice has become quite busy during the last few months. I have left Peter Zavaletta, and am struggling to keep up with the cases I have. Under these circumstances, I do not believe that I currently have the time and resources necessary to file your case in the near future. Therefore, I am withdrawing as your attorney. I recommend that you retain another attorney as soon as possible.

CutePDF - www.cutepdf.com

Case 1:00-cv-00029   Document 31   Filed in TXSD on 04/24/2001   Page 27 of 27

I am sorry that I will be unable to provide further representation to you, but under the circumstances I do not believe that I can provide the level of service that you need.

Yours truly,

MICHAEL R. COWEN, P.C.

Michael R. Cowen

CWPDF - www.fxsiio.com